DOROTHY PHALEN, Plaintiff, Cross-Defendant and Appellant *v.* FLOYD RILLEY, Defendant and Respondent.

No. 11609.
Decided February 13, 1970.
Rehearing Denied February 26, 1970.
465 P.2d 102.

D. R. Young, argued, Baker, for appellant.

Gene Huntley, Baker, Hughes & Bennett, Helena, Joseph C. Connors, argued and Michael J. Hughes appeared, Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by plaintiff, Dorothy Phalen, from a final judgment, entered upon findings of fact and conclusions of law in favor of defendant, Floyd Rilley, on November 27, 1968, in the district court of Carter County.

Plaintiff is the former Dorothy Rilley and is the mother of defendant. Upon her husband's death in 1955 plaintiff succeeded as heir at law and surviving joint tenant to certain ranch lands and some machinery and other equipment. In 1956 plaintiff and her two sons, defendant and Bob Rilley, entered into a partnership agreement for the operation of the ranch. Plaintiff contributed the land and machinery she owned plus her interest in certain machinery and equipment owned by her and her two sons in common. Defendant and his brother contributed the machinery and equipment they owned as well as cattle they each owned. Defendant subsequently purchased his brother's interest and the partnership was terminated. The termination came in 1958 and in that year plaintiff and defendant entered into a written agreement whereby defendant was to pay plaintiff $2,700 per year for the lease of the ranch lands, machinery and equipment. The defendant was also obligated to perform other jobs on the ranch specifically enumerated in the agreement. Included within these jobs was the mending of fences and corrals and he was to leave 70 tons of hay on the place at the end of the lease. Plaintiff was obligated to purchase the materials for the fences and corrals. The agreement also contained a 90 day notice requirement; if plaintiff decided to sell the ranch she was to give defendant 90 days notice during the term of the lease. Also defendant had the first right to purchase.

In June, 1961 plaintiff sold her ranch lands to one Pat Byrnes. Plaintiff did not give notice to defendant of the sale. However, Byrnes was not to receive possession of the property until after the lease agreement expired.

Defendant refused to pay the annual lease payment for 1961 to plaintiff because plaintiff had sold the land without giving him notice of the terms of the sale and also because plaintiff had sold some cattle and horses in which he had an interest and she had not paid him for that interest. Plaintiff then instituted this action.

This action has been aptly described by plaintiff's counsel as

a "comedy of errors". The complaint was filed on December 5, 1961. Almost 3 years later on November 5, 1964 a hearing was conducted by the Honorable W. R. Flachsenhar, district judge, sitting without a jury. On December 10, 1965 the court rendered its findings of fact and conclusions of law. It is at this point that the "errors" begin. Judge Flachsenhar found as a fact that certain machinery was owned by plaintiff and defendant in common and that the machinery had not been sold, disposed of, nor excluded from defendant by plaintiff. Conclusions of law numbers III, IV and V were then made as follows:

### "III

"That plaintiff is entitled to be allowed the following claims against defendant.

| | |
|---|---:|
| "Rental for the year 1961 | $2,700.00 |
| "Materials for Corral Fence | 252.83 |
| "Shortage of Hay | 440.00 |
| "Loss of Saddle | 50.00 |
| | $3,442.83 |

### "IV

"That defendant is entitled for credit against the plaintiff the following claims:

| | |
|---|---:|
| "Two-thirds interest in machinery | $ 644.15 |
| "Defendant's cattle sold by plaintiff | 389.82 |
| "Two-thirds interest in team of horses sold by Plaintiff | 91.00 |
| | $1,124.97 |

### "V

"That plaintiff is entitled to judgment against the defendant in the amount of $2,317.86."

It is evident from the foregoing that the offset of $644.15 was mistakenly given to defendant for machinery which the court had earlier found to be owned in common by both parties and

that plaintiff had not sold or otherwise disposed of such machinery.

On December 27, 1965 at the instance of the defendant the *clerk* entered a judgment in favor of plaintiff for the sum of $1,124.97. From the foregoing quoted conclusions of law it is obvious that an error was made in the amount of the judgment which plaintiff was to receive. On January 12, 1966 plaintiff's counsel submitted amended conclusions of law and an amended judgment in which he took into account the error which originated by reason of the direction of counsel for defendant to the *clerk* to enter the erroneous judgment. The court assumed that it could correct the error by merely signing the proposed amended findings and the proposed amended judgment and did so without notice. Plaintiff's counsel then decided on January 20, 1966 that this procedure was incorrect and submitted a motion to correct findings of fact and conclusions of law and to modify judgment. On this occasion notice was given to defendant. On January 28, 1966 the court issued an order which set aside the erroneous judgment entered by the clerk on December 27, 1965; set aside the amended judgment entered on January 12, 1966, and also set aside the amended conclusions of law made on January 12, 1966. On February 17, 1966 the court asked counsel to submit proposed amended findings and conclusions.

On September 1, 1967 Judge Flachsenhar retired leaving the record in this cause in the condition as heretofore related. On December 14, 1967 the court, Honorable A. B. Coate having assumed the bench, allowed defendant to submit additional memorandum. On October 16, 1968 the court made new findings of fact and conclusions of law from the record and found in defendant's favor. These new findings and conclusions were based upon the determination by Judge Coate that Judge Flachsenhar had vacated all of his original findings and conclusions. This was the final error.

Plaintiff sets forth six separate issues for this Court to determine. However the only issue we need decide is whether the

district court erred in issuing new findings and conclusions and entering judgment for defendant. We hold that it did.

The order of Judge Flachsenhar dated January 28, 1966 was relied upon by Judge Coate for his new findings and conclusions. However, the pertinent portion of that order reads as follows: "* * * the *amended* conclusions of law filed herein on application of the attorney for the plaintiff as of January 12, 1966, also are set aside, vacated and held for naught." (Emphasis supplied.) From the above it is quite obvious that Judge Flachsenhar did not intend to set aside all of his findings and conclusions but merely the amended conclusions.

The following question then arises: Where a district judge makes an obvious arithmetical mistake in conclusions of law and the resulting judgment and vacates the conclusions and judgment and then retires, may the judge who assumes the bench make totally new findings and conclusions from the record?

A similar question was discussed by this Court in Worden v. Alexander et al., 108 Mont. 208, 211-212, P.2d 160, where we stated:

"While there is some conflict in the authorities, the decided weight of authority is that when the trial judge to whom the case has been submitted upon evidence introduced before him dies before making findings of fact, his successor has no authority to make findings of fact and conclusions of law without the consent of the parties involved; in such a case any party has the right to insist upon a new trial. (Citing cases.) However, a party may waive his right to a new trial and consent that the successor may decide the case made on the record before the trial judge (Citing cases.)

"It has been held by this Court that where a motion for a new trial is heard by a judge who did not try the case, such judge, not having seen the witnesses nor heard their testimony and observed their demeanor on the stand, was compelled to gain his knowledge of the case from the record alone, and was

therefore in no better position to determine the motion than is this court, and hence his order does not carry with it the presumption usually indulged in favor of such order. (Citing cases.) By analogy the same rule would apply to findings of fact and conclusions of law made by a judge who did not try the case. * * *''

This analogy may be carried one step further to include findings of fact and conclusions of law made by a judge who did not try the case and who made such findings and conclusions to replace those made by the judge who originally tried the case. The obvious answer to the question posed therefore is that the district judge in this case did not have the power to make totally new findings and conclusions without waiver and consent on the part of the plaintiff which was not given here.

By reason of the foregoing the findings of fact and conclusions of law filed by Judge Coate on October 17, 1968 and the judgment in favor of defendant filed on November 27, 1968 are hereby set aside, vacated and held for naught. Conclusions of law numbers IV and V made by Judge Flachsenhar, filed on December 13, 1965 and subsequently set aside on January 31, 1966 are hereby amended to read as follows:

IV

| | |
|---|---|
| Defendant's cattle sold by plaintiff | $ 389.82 |
| Two-thirds interest in team of horses sold by plaintiff | 91.00 |
| | $ 480.82 |

V

That plaintiff is entitled to judgment against the defendant in the amount of $2,962.01.

Let judgment be entered accordingly.

MR. JUSTICES CASTLES, HASWELL, JOHN C. HARRISON, and BONNER, concur.