DOROTHY PHALEN, Plaintiff and Respondent, *v.* FLOYD RILLEY, Defendant and Appellant.

No. 11920.
Submitted Sept. 9, 1970.
Decided Nov. 4, 1970.
475 P.2d 998.

92

Denzil R. Young, Baker, argued, for respondent.
Gene Huntley, Baker, argued for appellant.

PER CURIAM.

Plaintiff filed a motion to dismiss an appeal by defendant from a judgment ordered to be entered in district court of Carter County by the Supreme Court of Montana. See Phalen v. Rilley, 154 Mont. 399, 465 P.2d 102. The motion was orally argued and submitted.

The case began when a complaint was filed on December 5, 1961. On November 5, 1964, a hearing was conducted by Honorable W. R. Flachsenhar, District Judge, sitting without a jury. On December 10, 1965, the district court rendered its findings of fact and conclusions of law, but a mistake was made in one of the conclusions of law. The district court then entered judgment for plaintiff based on the erroneous conclusion, but later amended the conclusion without notice. The failure to provide notice was an incorrect procedure and an order was issued by the district court setting aside the amended conclusions of law and judgment. On February 17, 1966 the district court asked counsel to submit proposed amended findings and conclusions.

On September 1, 1967, Judge Flachsenhar retired with no further progress in the case. On December 14, 1967, the successor judge, Honorable A. B. Coate, allowed defendant to submit additional memorandum. On October 16, 1968, the district court made new findings of fact and conclusions of law

from the record and found in defendant's favor. Plaintiff appealed that judgment and the Montana Supreme Court handed down its opinion on February 13, 1970 in Phalen v. Rilley, supra.

The Phalen decision turned on a single point and we quote: "Plaintiff sets forth six separate issues for this Court to determine. However, the only issue we need to decide is whether the district court erred in issuing new findings and conclusions and entering judgment for defendant. We hold that it did." Phalen v. Rilley, supra at 402-403, 465 P.2d at 103. The Phalen case was remanded and judgment was ordered to be entered in accordance with this Court's opinion.

The present action seeks to determine whether or not defendant is preempted from appealing the judgment of the district court on its merits because of the doctrine of "the law of the case."

The doctrine of "the law of the case" has been recognized by this Court for many years. "The doctrine establishes the principle that the decision of the supreme court upon a former appeal of the same cause is binding upon a subsequent appeal whether right or wrong. * * * The application of the doctrine of 'the law of the case' is limited to those issues which were actually decided and were necessary to the decision. The doctrine does not extend so far as to include matter which was consequential, incidental, or not decided by the court." O'Brien v. Great Northern R. Co., 148 Mont. 429, 439-440, 421 P.2d 710, 715.

Since defendant has appealed on issues entertaining the merits of this case which this Court did not consider or decide on the first appeal, defendant is not preempted from appealing those other issues according to "the law of the case."

The motion to dismiss the appeal is denied.