DOROTHY PHALEN, Plaintiff and Respondent, v. FLOYD RILLEY, Defendant and Appellant.

No. 11920.
Submitted Sept. 21, 1971.
Decided Dec. 14, 1971.
Rehearing Denied May 10, 1972.
496 P.2d 295.

See also 156 Mont. 91, 475 P.2d 998 and 154 Mont. 399, 465 P.2d 102.

Gene Huntley, argued, Baker, for defendant and appellant.

240

Denzil R. Young, argued, Baker, for plaintiff and respondent.

MR. JUSTICE DALY delivered the Opinion of the Court.

This is an action in damages brought by plaintiff Dorothy Phalen, lessor, against defendant Floyd Rilley, lessee, for breach of a written farm lease. The cause was tried to the court sitting without a jury in the sixteenth judicial district, Carter County. From a judgment in favor of plaintiff, defendant appeals.

A brief review of the history of this cause is necessary here to properly consider all of the issues presented for review.

The cause was filed in December 1961, and tried in November 1964. Findings of fact and conclusions of law were entered by the court in December 1965, and judgment entered in favor of plaintiff. The judgment contained an error in the amount of the judgment and the court, after some confusion, on February 17, 1966 requested counsel to submit proposed amended findings of fact and conclusions of law. On September 1, 1967, the presiding judge retired without further acting on the matter. In December 1967, the new district judge reviewed the record, received memorandums, and made new findings of fact and conclusions of law. These new findings and conclusions were in favor of defendant and judgment was entered accordingly.

Plaintiff appealed to this Court the right of the second judge to make contrary findings and it was determined the new judge erred when he made new findings of fact and conclusions of law, based only on the facts involved in this case. This Court on February 13, 1970, amended the errors in the original judgment and directed that the first judgment in favor of plaintiff be reinstated as amended. Phalen v. Rilley, 154 Mont. 399, 465 P.2d 102.

Defendant then filed his appeal from the final judgment on the merits. Thereafter plaintiff filed with this Court a motion to dismiss defendant's appeal on the merits because of the

doctrine of "law of the case". The Court heard oral arguments and denied plaintiff's motion on November 4, 1970. Phalen v. Rilley, 156 Mont. 91, 475 P.2d 998.

The facts surrounding the appeal on the merits as stated in the original procedural appeal decided on February 13, 1970, are:

"Plaintiff is the former Dorothy Rilley and is the mother of defendant. Upon her husband's death in 1955 plaintiff succeeded as heir at law and surviving joint tenant to certain ranch lands and some machinery and other equipment. In 1956 plaintiff and her two sons, defendant and Bob Rilley, entered into a partnership agreement for the operation of the ranch. Plaintiff contributed the land and machinery she owned plus her interest in certain machinery and equipment owned by her and her two sons in common. Defendant and his brother contributed the machinery and equipment they owned as well as cattle they each owned. Defendant subsequently purchased his brother's interest and the partnership was terminated. The termination came in 1958 and in that year plaintiff and defendant entered into a written agreement whereby defendant was to pay plaintiff $2,700 per year for the lease of the ranch lands, machinery and equipment. The defendant was also obligated to perform other jobs on the ranch specifically enumerated in the agreement. Included within these jobs was the mending of fences and corrals and he was to leave 70 tons of hay on the place at the end of the lease. Plaintiff was obligated to purchase the materials for the fences and corrals. The agreement also contained a 90 day notice requirement; if plaintiff decided to sell the ranch she was to give defendant 90 days notice during the term of the lease. Also defendant had the first right to purchase.

"In June, 1961 plaintiff sold her ranch lands to one Pat Byrnes. Plaintiff did not give notice to defendant of the sale. However, Byrnes was not to receive possession of the property until after the lease agreement expired.

"Defendant refused to pay the annual lease payment for 1961 to plaintiff because plaintiff had sold the land without giving him notice of the terms of the sale and also because plaintiff had sold some cattle and horses in which he had an interest and she had not paid him for that interest. Plaintiff then instituted this action."

Plaintiff in her complaint alleges various breaches of the lease and asks damages in the amount of $2,700 for the last year of rental; $900 for failure to leave 70 tons of hay; $500 for failure to repair fences and machinery; $50 for removal of saddle and tools; and $500 attorney fees, for a total of $4,650 plus interest from December 1, 1961.

Defendant's answer admits to failure to pay rent; questions the amount of hay shortage; denies attorney fees and claims set off against damages for other transactions. Defendant offered as *his second affirmative defense* the breach of lease by the lessor plaintiff in failure to honor defendant's right of first purchase, to defendant's damage in the amount of $10,000.

Defendant *additionally counterclaimed* that plaintiff failed to honor the right of first purchase, to his damage in the amount of $10,000; conversion of his cattle, $389.82; summer fallow payment of $1,145.60 (this claim abandoned at trial); and defendant's interest in tools and machines in the amount of $1,378.73.

The first findings of fact made by the court were extensive comprising six pages, most of which are collateral to the principal issues to be decided or are not substantially in dispute. Those pertinent to this appeal are:

The lease was for a term of three years, ending December 1, 1961. The land was occupied by defendant for the full term. Among other things, the lease contained the following provision:

"If the party of the first part decides to sell place or machinery, the party of the second part must have ninety (90) days notice; in writing, said 90 days subsequent to December

1st of each year during the term of the lease, if necessary, and the said party of the second part shall have the *first right to purchase said lands.*" (Emphasis supplied)

That plaintiff on June 7, 1961, by contract for deed, sold the land; purchasers were not to take possession until the end of the lease, December 2, 1961, and such condition was honored by purchasers. On June 12, 1961, defendant wrote to plaintiff requiring plaintiff to give defendant notice of the terms of any proposed sale. Plaintiff did not give defendant notice of the contract for deed and sale.

The court then entered the following conclusions of law:

"I. That plaintiff is not entitled to any allowance for attorney fees.

"II. That the defendant's claim for right to purchase the land by reason of the provision set forth in Court's Finding No. VI, denominated as an option by counsel for the defendant in his brief, must be, and is hereby, denied, for the reason that no price is fixed in the option and therefore unenforceable. 51 C. J.S., Sec. 81, (d) page 636.

"III. That plaintiff is entitled to be allowed the following claims against the defendant.

"Rental for the year 1961 ...................................$2700.00
Materials for corral fence ..................................... 252.83
Shortage of Hay ..................................................... 440.00
Loss of Saddle ......................................................... 50.00

$3442.83

"IV. That defendant is entitled for credit against the plaintiff the following claims:

"Two-thirds interest in machinery .....................$ 644.15
Defendant's cattle sold by Plaintiff .................. 389.82
Two-thirds interest in team of horses sold by
Plaintiff ............................................................. 91.00

$1124.97

"V. That plaintiff is entitled to judgment against defendant in the amount of $2,317.86."

This judgment amount was corrected by this Court to read $2,962.01, in the original appeal decision of February 13, 1970, 154 Mont. 399, 465 P.2d 102.

On the instant appeal the defendant did not file exceptions to the findings as required by Rule 52(b), M.R.Civ.P., (State ex rel. Bennett v. Dowdall, 157 Mont. 11, 482 P.2d 572) and plaintiff urges this forecloses defendant from a reversal on the findings of fact. Defendant urges that the findings, under the circumstances of the case, were made final on appeal in Phalen v. Rilley, 154 Mont. 399, 465 P.2d 102, and the second judge could not honor exceptions thereto, therefore the requirements of Rule 52(b) are excused.

This appeal being already burdened with years of unfortunate litigation does not require that we do more than rule that this is not a proper case for application of Rule 52(b), M.R.Civ.P.

Appellant's statement of the issues presented for review is:

"The main question presented by this appeal is whether a ranch lessor may recover rent and other damages from her lessee when she has first materially breached the lease by failure to honor or observe a lease provision giving the lessee the right to purchase the property."

Appellant's argument states two points:

1. The refusal of Phalen to notify Rilley of the terms of the sale and allow him to meet them was a material breach of contract which deprived him of valuable rights.

2. Phalen, having first materially breached the lease agreement, is foreclosed from recovery.

The district court found the first right to purchase provision in the lease to be an *option* and unenforceable. Consequently, the court gave no consideration to this issue when arriving at its judgment. We do not agree with this construction.

In Weintz v. Bumgarner, 150 Mont. 306, 312, 434 P.2d 712,

716, in a fact situation similar in part to the instant case, this Court accurately described the difference between an option and a right of first purchase:

"We construe this provision to mean that at such time as the owner forms an intention to sell the property on specific terms and conditions, such owner must (1) give the lessee written notice of his intention to sell, including the terms and conditions of sale, and (2) give the lessee ten days in which to arrange purchase of the property on the same terms and conditions. Thereafter if the lessee does not arrange such purchase with the owner, the owner is free to sell to another person subject to the existing lease.

"In our view the provision in question confers a right of preemption or first refusal in the lessee rather than an option in the usual sense. The distinction between the two is well explained in Volume VI, American Law of Property, § 26.64, p. 507: 'A preemption differs materially from an option. An option creates in the optionee a power to compel the owner of property to sell it at a stipulated price whether or not he be willing to part with ownership. A preemption does not give to the preemptioner the power to compel an unwilling owner to sell; it merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the preemption, at the stipulated price. Upon receiving such an offer, the preemptioner may elect whether he will buy. If he elect not to buy, then the owner of the property may sell to anyone.' The following cases also recognize such distinction but speak in terms of options to purchase on the one hand and conditional options on the other. (Nu Way Service Stations v. Vandenberg Bros. Oil Co., 283 Mich. 551, 278 N.W.683; In re Rigby's Estate, 62 Wyo. 401, 167 P.2d 964.)"

We construe this lease provision to be a right of preemption or first refusal as described in *Weintz* and subject to the same provisions set forth there. This is an enforceable property right and its breach is material.

We find that defendant did make a proper demand on plaintiff under the terms of his lease for details of the sale, in the form of a letter dated June 12, 1961, from defendant's attorney to plaintiff. This demand was not honored.

Defendant offered no evidence to support his claim for $10,000 damages under the lease clause requiring plaintiff to give defendant right of first purchase. However, there is no evidence offered by plaintiff that defendant had waived his right or is estopped to rely on plaintiff's failure to give defendant first right of purchase as a *defense* to plaintiff's action.

The principles stated in 6 Williston on Contracts. Third Edition Section 871, and 17A C.J.S. Contracts § 458, are recognized in Brown v. First Federal Sav. & L. Ass'n of Great Falls, 154 Mont. 79, 86, 460 P.2d 97, 101, where this Court said:

"* * * a plaintiff in an action upon a contract has the burden of proving he complied with the obligations assumed by him, and if he fails this burden, his cause of action is destroyed. Chealey v. Purdy, 54 Mont. 489, 492, 493, 171 P. 926."

The first irremediable and substantial breach of this lease was by the plaintiff for not giving defendant notice of sale or an opportunity to purchase on the terms of the sale of June 7, 1961. Notice of this breach was forwarded to plaintiff on June 12, 1961 and plaintiff refused to honor the terms of the lease. Plaintiff's claims arising thereafter are destroyed.

The other claims involved here by each party against the other do not appear, if proven, to be material breaches, nor are they considered so by the parties. The record does not indicate that any notice of other breaches was given, only the one of failure to give notice of the sale of June 7, 1961. The record also does not disclose when most of the alleged breaches occurred in reference to the breach by plaintiff on June 7, 1961.

The judgment of the trial court is reversed and the case dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, CASTLES and HASWELL, concur.