JOHNSTON FOOD COMPANY and the
State Insurance Fund, Petitioners,

v.

Clay C. MONDAY, II, and the Workers'
Compensation Court, Respondents.

No. 63033.

Court of Appeals of Oklahoma,
Division No. 4.

June 4, 1985.

Released for Publication by Order of
Court of Appeals July 3, 1985.

Michelin A. Hobbs, Oklahoma City, for petitioners.

Fred L. Boettcher, Boettcher, Leonard & Brune, Ponca City, for respondents.

RAPP, Judge.

Employer petitioner appeals from the judgment of the Workers' Compensation Court en banc modifying and affirming the trial court's award of temporary total disability to the respondent, Clay Monday.

We find, after study of the record, that the judgment of the court en banc should be vacated and the cause remanded for findings of fact and conclusions of law sufficient for appellate review including a jurisdictional determination of whether the trial court's order was clearly against the weight of the evidence or contrary to law.

I

Monday filed his form 3 on January 23, 1984, alleging his injury occurred in mid-September 1983 and subsequently, on March 30, 1984, amended the date of his injury to mid-September 1982.

The 21-year-old claimant was a night shift worker in a warehouse who testified that on the day of his injury in mid-September 1982 he was hit in the chest with a box containing four gallon size containers of food while loading a truck, which knocked him to his knees. He requested a break from the loading, informing the foreman he was hurt, which was denied. Upon reporting to work the next evening, he was told by the foreman to "take it easy." Monday admitted that, within two or three days thereafter, he was fired by petitioner for fighting. He also admitted that he later, in October 1982, after being fired, twice requested work from the petitioner, which

was refused, and admitted that he did not, at any time when he requested work, inform petitioner of an injury or a workers' compensation claim which he had against the petitioner, nor did he request medical treatment from his former employer. Monday, after the accident, was taken to Newkirk by his parents for treatment. Medical evidence admitted without objection is consistent with Monday's claimed injury.

Monday testified he was never informed of availability of coverage under the Workers' Compensation Act during his employment nor did he observe any notice of the Workers' Compensation Act posted in the warehouse. Monday further testified that he had not previously filed a claim under the Workers' Compensation Act nor had any of his friends.

Employer in its answer denied the injury, set up the defense of the statute of limitations and Monday's failure to provide notice of injury.

Employer's warehouse manager testified that he orally informed all employees upon hiring of the health insurance and Workers' Compensation Act coverage provided by petitioner and that he specifically remembered hiring Monday. He also admitted that he had not given Monday any written material. Employer did not dispute that notice required under the Act, 85 O.S. 1981 § 8, was not posted in the warehouse.

The trial court found that an accidental injury did occur arising out of and in the course of Monday's employment, that he "was not advised, directly or indirectly, of his rights under the Oklahoma Workers' Compensation Act and his claim for compensation is not barred by the Statute of Limitations," and entered its order of compensation to be paid Monday. However, due to a simple mathematical miscalculation, the trial court entered the incorrect amount of compensation in its order.

The trial court's order, however, did not contain findings of fact or conclusions of law relative to Monday's failure to provide

written notice to his employer under 85 O.S.1981 § 24.

The employer asked for review under section 3.6 of the Workers' Compensation Act but did not complain of the absent notice finding. The court en banc, without apparently first making the requisite jurisdictional findings, modified the trial court's order by correcting the mathematical error and affirmed on all other points. Like the trial court, the court en banc failed to make findings of fact or conclusions of law concerning Monday's lack of notice defense to the employer—a defense set up by the employer in its answer and asserted before the trial court.

## II

■ The employer's first three propositions relate to the same subject matter and give rise to this basic question: Did it waive the right to complain of the trial court's failure to make a notice finding by not raising this issue in its request for review by the court en banc? We hold it did.

Employer did not assert as error, in its request for the court en banc review, the trial court's omission in its findings of fact and conclusions of law, Monday's lack of written notice to employer under 85 O.S. 1981 § 24 and 85 O.S.1981 Ch. 4 App.Rule 12. Employer now raises this for the first time as an issue before this court. Monday asserts that employer's failure to raise this issue in his request for review by the court en banc is a waiver of this issue upon appeal of the final order of the Workers' Compensation Court. We agree.[1]

■ Where the aggrieved party desires to use the intra-court structure of the Workers' Compensation Court with its stricter evidentiary standard and requests review by the court en banc, the order of the court en banc is the final order of the Workers' Compensation Court. *Parks v. Norman Municipal Hospital*, 684 P.2d 548

---

1. *McConnell v. Y.M.C.A. of Greater Oklahoma*, 515 P.2d 575 (Okla.1973); *Lewis Drilling Co. v. Brooks*, 451 P.2d 956 (Okla.1969).

(Okla.1984). This final order *is the only order* which will be considered by the appellate court. To permit the court en banc to consider only issues selectively chosen by an aggrieved party on review to that forum and then allow additional allegations of trial court error to be submitted to the appellate court, if dissatisfied with the results obtained from the court en banc's review, would result in recognizing the existence of two "final" appealable orders, one from the trial court and one from the court en banc. Such would not only defeat the legislative intent of 85 O.S.1981 § 3.6, regarding the court en banc but would also be contrary to the holding in *Parks*. This is not dissimilar to a motion for new trial where allegations not raised before the trial court may not be raised later on appeal.[2]

The employer, by its failure to raise the issue of the trial court's non-jurisdictional error before the court en banc, has waived the employee's notice issue and may not now raise the issue for the first time on appeal.

■ In a further effort to justify its failure to raise an alleged trial court error before the court en banc, petitioner asserts that the Workers' Compensation Court is not a court of record. This assertion is readily disposed of by noting the fact that the legislature created it and gave it court status, and the supreme court has expressly recognized that it is a court of record.[3] Thus its final orders are subject to original appellate review.[4]

### III

■ While we do not find merit in the petitioner's propositions here presented, we do note that the court en banc did, as a result of the trial court's alleged "math" error, raised by petitioner, make a "correction" of the trial court's award of compensation to Monday and did so without making the required jurisdictional findings. This "math" error and its correction gives rise to a very crucial question which goes to the validity of the court en banc's order. The question is—did the court en banc have authority to make arithmetic corrections of the trial court's order without first making the requisite jurisdictional findings. It has been suggested that correction of mathematical errors does not rise to the dignity of an order "modification" and therefore the requisite jurisdictional findings are not required. We do not agree that this non-jurisdictional approach accords with either the letter or spirit of *Parks*.

The reviewing panel changed the trial court's order by "correcting" the "math" mistakes alleged as error. This simple change was sufficient to create a totally new order, an order which did alter the position of the parties as ordered by the trial court. This "correction" was a modification of the trial court's order.[5] The court en banc's "new" order then became, because of its modification, the final order of the court. There is, moreover, a jurisdictional defect in the "new" or final order evidenced by the court en banc's failure to make or place in the order the standard of review utilized or jurisdictional findings that the trial court's order was against the clear weight of the evidence or contrary to law which is not in conformity with *Parks*.

**2.** *Faulkenberry v. Kansas City Southern Ry Co.,* 661 P.2d 510 (Okla.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 159, 78 L.Ed.2d 146 (1983).

**3.** 85 O.S.1981 § 1.2(F); *Texas Oklahoma Express v. Sorenson,* 652 P.2d 285 (Okla.1982).

**4.** We recognize the apparent inconsistency of language between this opinion and that of the statute, 85 O.S.1981 § 3.6, and Rule 30 of the Workers' Compensation Court. However the confusion surrounding this area was clarified by the Supreme Court in *Parks*.

**5.** For a similar result, *see Phalen v. Rilley,* 154 Mont. 399, 465 P.2d 102 (1970). The court there held that a correction of an arithmetic mistake by a successor judge in a trial court's conclusions of law gave rise to new conclusions of law. The original conclusions of law, as entered by the trial court judge, may not be changed, except by the original trial judge, without creating totally new findings and conclusions of law and changing the trial court's original order into a new court order. Thus, the correction of an arithmetic mistake of the trial court by the court en banc is a modification within the meaning of 85 O.S.1981 § 3.6.

We hold that the "correction" of the trial court's arithmetic error was an impermissible modification resulting from the court en banc's failure to state the standard of review utilized and findings of fact and conclusions of law determining whether the trial court's order was against the clear weight of the evidence or contrary to law. This omission is facially defective and insufficient for appellate review. These defects, under *Gleason v. State Industrial Court*, 413 P.2d 536 (Okla.1966), and *Parks*, require that the order of the court en banc be vacated and remanded for further proceedings.

### IV

Therefore, we vacate the court en banc's order and remand to the court en banc with directions to reinstate the trial judge's order and remand the cause to the trial court for corrections of whatever arithmetic error(s) may be warranted.

BRIGHTMIRE, P.J., concurs.

STUBBLEFIELD, J., dissents.

STUBBLEFIELD, Judge, dissenting.

I am unable to concur in the majority opinion because of my disagreement concerning the nature of the decision of the court en banc. The court en banc corrected what was admitted by both parties to be a mathematical error and otherwise affirmed the trial court's order. To treat such a correction by the court en banc as a true substantive modification, however, is a triumph of form over substance. It is also without legal precedent.

The Montana case cited by the majority as support for the premise that the making of arithmetic corrections by a successor judge gives rise to new conclusions of law, indeed, stands for exactly the opposite rule—that a successor judge in an instance where his predecessor has made findings of fact and conclusions of law but has made an arithmetic mistake may *not* make new findings and conclusions. In reality, how-

ever, the case has little bearing upon the issues here. There is much stronger authority to support the conclusion that the correction was neither a modification or a reversal.

Corrections by a court of clerical omissions or mistakes in orders and judgments have always been permissible at any time as long as it was clearly apparent from the whole record what the true entry should have been. *Mason v. Slonecker,* 92 Okla. 227, 219 P. 357 (1923). Such a change or correction is *not* a rendition of a new judgment. *Hall v. Local Building & Lease Ass'n.,* 117 Okla. 174, 245 P. 548 (1926). Thus, arithmetic errors, as in computation, are correctable as clerical errors and have been universally denied status as judicial error which must be corrected by appeal. 49 C.J.S. *Judgments* §§ 237 and 238 (1974).

I would rule that the mere correction of an obvious mathematical or scrivener's error did not constitute a modification, and that the order appealed from does not, therefore, require any recitation that the trial judge's finding was against the clear weight of the evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla. 1984); *Uniroyal, Inc. v. McMasters,* 697 P.2d 170 (Okla.Ct.App.1985). Such a recitation was not only unnecessary but also inappropriate since the trial judge's ruling was affirmed as to all material issues.

I do agree with the majority regarding appellants' waiver of the issue of notice.[6] I, in fact, find the majority opinion dispositive of all of appellants' propositions of error, save the final contention that the award is not supported by competent evidence. That proposition is disposed of by resort to the record which demonstrates considerable competent evidentiary support for the award. We, of course, are obliged to affirm if the award is supported by *any* competent evidence.

I find the remand unnecessary and unacceptable since it results in additional delay in claimant's receipt of his just compensa-

---

**6.** It is, however, hard to reconcile the majority's conclusion that the court en banc order is insuf-

ficient for appellate review, with that part of the opinion that "reviews" the appeal on its merits.

tion. We are under a legislative dictate to accord priority to workers' compensation cases. 85 O.S.1981 § 3.6. This legislative intent to limit delay in such cases is commendable, considering the human suffering that can arise when delay occurs in the payment of a monetary award sorely needed for the support of claimant and claimant's family. Delay must not be tolerated, and a remand for remand's sake is an unacceptable delay accomplishing nothing. I would affirm the court en banc's affirmance, correction and all.