Joy FOWLER, Petitioner,

v.

TITUS MANUFACTURING COMPANY, Travelers Insurance Company, and Workers' Compensation Court, Respondents.

No. 66407.

Court of Appeals of Oklahoma, Division No. 4.

Nov. 4, 1986.

Rehearing Denied Dec. 1, 1986.

Certiorari Denied April 6, 1987.

Fred L. Boettcher, Boettcher & Brune, Ponca City, for petitioner.

Jerry H. Holland, Sanders & Carpenter, Tulsa, for respondents.

BRIGHTMIRE, Judge.

Did the employer's failure to advise its employee of her right to file a workers' compensation claim following notice of her job-related heart attack toll the statute of limitations? The lower court held it did not. We hold, however, it did and vacate its order.

## I

The 57-year-old claimant, Joy Fowler, went to work as a laborer for Titus Manufacturing Company in October 1981. One day she began lifting and carrying some large metal air vents weighing "probably sixty or seventy pounds." Suddenly, she said, "I felt like I had a heartburn, I started getting weak and I broke out in a sweat and my arm and even my back was killing me, felt like somebody had something squeezing me...." She went to her super-visor. "I gotta sit down for a minute," she said. He took her to the front office and seated her. The shop foreman came over to talk with her and noticed she had broken out with a sweat and was complaining of pain down her arm and of chest pressure. He became alarmed and immediately called an ambulance for the employee's removal to a hospital. This was February 18, 1982.

At the medical care center a cardiologist examined claimant and, after analyzing various laboratory test results, concluded Ms. Fowler had suffered a heart attack causing an "acute myocardial infarction." She remained in the hospital about two weeks, half of which was in intensive care. Some four months later, on June 28, 1982, she was released for light duty work and at the time of trial she was working as a welder with the company.

A Form 3 was filed on February 7, 1985, seeking benefits due claimant for the heart attack sequelae. The matter was heard January 2, 1986, at which time the trial judge found that claimant had sustained a job-related accidental injury as a result of the heart attack, that she received § 8 advice December 5, 1983, that she did not file her claim within a year thereafter, and then concluded it was now barred by the statute of limitations.[1]

Claimant contends the trial court's conclusion—that the claim was barred—is contrary to law because under the undisputed evidence the employer had actual notice of claimant's heart attack and since it never once advised her she had the right to file a claim for compensation for her heart injury, the running of the § 43 one year statutory limitation was tolled under the provisions of § 8.

Titus on the other hand defends the order on both technical and substantive grounds. Preliminarily it admits that once it receives notice of an injury it must advise the injured employee of the right to file a

1. The § 8 reference is to 85 O.S.1981 § 8, para. 3. It reads:

"In the event an employer having notice of an injury neglects to *advise* the injured employee of the right to file a claim under the Workers' Compensation Act, the statute of limitations shall be tolled until such claim is filed." (Emphasis added.)

claim in order to start the statute of limitations running; that it had early notice of claimant's injury; and that it never specifically advised her of her right to file a claim for the heart injury. Its argument in defense of the court en banc's order, however, centers on these two points: (1) claimant "failed to preserve any issues for review by this court," and (2) it, the employer, never knew until after this claim was filed that claimant's heart attack was job related because claimant concealed such fact from it.

Given the nature of the issues raised by petitioner and the concessions of respondents, the appeal can best be disposed of by addressing the defensive contentions of respondent Titus.

## II

The employer's first contention—that claimant failed to preserve any issue for appeal—is not supported by the record.

In her request for the court en banc to review, Ms. Fowler set out the following ground: "That paragraph Five (5) of the Order is contrary to the evidence and the law." While that assertion standing alone is general in nature it is transformed into a specific one when read with referenced paragraph five of the order, which states: "That claimant was advised of her right to file a claim for workers' compensation benefits on or about December 5, 1983. She failed to file [a] claim for her December 18, 1982 heart attack until February 8, 1985 and [her] claim is therefore barred by the Statute of Limitations."

■ Thus though the format of the complained of error in claimant's appellate request may not be paragonic, it is sufficient to invoke a challenge of the findings and

conclusions in paragraph five of the trial court's order. It was unnecessary for claimant to recite such findings and conclusion in her quest of an en banc review.[2] When her complaint and paragraph five are read together two clear issues emerge: (1) Whether the trial court's finding that claimant was advised of her right to file a claim is contrary to the evidence; and (2) Whether the court's conclusion that the claim is barred by the statute of limitations is contrary to law under the undisputed evidence introduced.

We hold, therefore, that claimant adequately preserved the statute of limitations question for review by this court.

## III

Titus's other contention—that the claim is barred by the statute of limitations—is also without merit.

It concedes, as we said earlier, that the one-year statute of limitations prescribed in 85 O.S.1981 § 43 is tolled if an employer who has notice of an injury to an employee fails to advise the injured employee of his right to file a claim.[3] Its argument is, however, that while it knew claimant had an injurious heart attack on the job it did not know until this claim was filed that the attack arose out of and in the course of the employment and therefore it never became obligated to tell claimant she had a right to file a claim. It lays its ignorance at the feet of claimant who, it says, was told by her physician back in 1982 that the attack was "caused by her employment" and "did everything in her power to prevent her employer from finding out the truth." They point to her testimony as proof of this.

"When did he [the doctor] mention it to you, that he thought it was job connected?" claimant was asked.

---

**2.** The employer offers our holding in *Johnston Food Co. v. Monday,* 702 P.2d 62 (Okl.App.1985), as standing for a contrary view. It does not. Unlike the order in this case, the *Monday* trial court order contained no findings of fact or conclusions of law which could have been, or for that matter, were referred to in the employer's request for review by the court en banc.

Neither the request nor the en banc order contained anything to indicate that the employer raised a complaint about an absence-of-notice finding by the trial court.

**3.** *See* footnote one for text of 85 O.S.1981 § 8, para. 3.

"Well," she answered, "I told him not to put it on there that it was job related because if he did, they probably wouldn't let me work; and I'm still paying on it, as a matter of fact, I've still got about three thousand dollars ($3,000.00) worth of hospital bills I'm paying on."

Frankly we are dismayed at the respondent's stance in this case. Subject statute does not place a burden on the employee to advise the employer of anything but only on the employer to advise the employee of certain rights. Given the knowledge that the employer had about the facts and circumstances leading up to claimant's hospitalization and given the fact it knew or should have known claimant was hospitalized for two weeks, most of which time she was in intensive care, and given the further fact that claimant was not permitted to return to work until June 28, 1982, and then only for light duty, it is incredible that the employer now urges that the reason it did not tell Ms. Fowler she had a right to file a claim for the heart injury was because she did not advise it that her heart attack arose out of and in the course of her employment.

The short answer to this contention is that the § 8 command is to be obeyed early on and is not contingent upon the employer first making a definitive determination of the nature and extent of an injury or of relevant legal issues such as whether the injury arose out of or in the course of the employment. Nor is the employer excused from giving the required advice because it believes that it has a good defense to a potential claim or that the injured employee does not have a compensable claim. Indeed, the advice given is not to be concerned with the merits of a claim but merely with the employee's *right to file* one. *Derryberry v. City of McAlester*, 695 P.2d 853 (Okl.1985). The statute presumes the employer has superior knowledge of the rights and entitlements of the parties and occupies a dominant if not controlling posi-

tion with regard to the worker's future employment expectancy. Moreover, when the § 8 requirement is considered in conjunction with the anti-retribution statutes— 85 O.S.1981 §§ 5 and 6—it is clear that the public policy established by the legislature imposes a duty on the employer not only to meaningfully advise an injured employee of his right to claim benefits under the Act but to do so in a manner that will reassure the employee that no retaliatory action will be taken if he exercises such right. Any conduct on the part of the employer which has the effect of intimidating the injured employee or otherwise discouraging the assertion of his rights nullifies whatever § 8 advice that may be given.

■ We hold that the knowledge Titus had of the heart attack episode, which, as we have seen, included the need to reassign to a new job status, was sufficient notice of possible job-related injury to require it to give Ms. Fowler § 8 advice with specific reference to such injury within a reasonable time after its occurrence.

Finally, as an alternate position, the employer points to a written instrument it had the laborer sign December 5, 1983, after a back injury she sustained in November 1983, which is said to satisfy the § 8 requirement. Featuring legalistic diction, the document reads in pertinent part:

"You are advised that if you sustain an accidental injury in the course of and arising out of your employment here, you are entitled to certain benefits under the Oklahoma Compensation Act and may file a claim therefore [sic]." [4]

And it is this document that the trial court concluded was § 8 advice to claimant of her right to file a claim for the heart attack injury.

There are several reasons which we have already discussed why the December 1983 document does not satisfy the § 8 requirement.

First and foremost, to recapitulate, § 8 clearly contemplates an employer advising

---

4. The company sent her to a doctor. He treated the problem with heat, shots and pills. She recovered and has never filed a claim for the injury.

an injured employee of his right to file a claim within a reasonable time after each injury. Secondly, the advice must be neutral, meaningful and in ordinary language that the person addressed can understand. And thirdly, the advice must relate to a particular injury.

The December 1983 advice points up rather clearly why such criteria are necessary to make the salutary statutory advice effective. For instance, not only was it not given within a reasonable time after the heart attack but it gave no hint that the advice pertained to such injury. Ms. Fowler's failure to associate the December 1983 advice with her heart problem is understandable. She said that although her doctor had mentioned to her sometime before she went back to work in June 1982 that the heavy lifting she did on the job was a factor in causing the heart attack, she remained ignorant of her Title 85 rights. Thus, when she later filed some health and accident insurance claim forms, she answered "No" to a question asking whether the heart attack was a job-connected injury. Why? "[B]ecause," she said, "I didn't know a heart attack was considered an injury." The reason she eventually went to see a lawyer was not what she found out from the employer but what was implied in a conversation she had with a friend whose husband had died presumably as a result of a job-related heart attack. The friend asked Ms. Fowler if she had filed for "workmen's compensation" because of the heart attack. " 'No,' " replied Ms. Fowler, " 'you can't file under workmen's compensation for a heart attack; it is supposed to be an on the job injury, isn't it?' I didn't know...."

This evidence underscores the reason why it is necessary for the required advice to be meaningful, timely and specifically directed at a particular injury.

▪ We hold that the written statement of December 5, 1983, presented as it was to Ms. Fowler in connection with a November 1983 back injury—without any verbal explanation of its legalese, purpose or effect—did not satisfy the advice requisite of § 8.

The situation here becomes more deplorable when one considers the employer's nonfeasance in light of its further statutory duty to "promptly provide for an injured employee such medical ... treatment, nurse and hospital service ... as may be necessary after the injury." [5] This it didn't do. Assuming the company indeed did not know or have reason to believe the attack was job related at the outset, it was not justified in failing to take reasonable steps to obtain medical insight on the subject within a reasonable time after the attack and upon discovering that it probably was a job-related injury, to promptly file a Form 2 and start paying the large medical expenses.

To slam the courthouse doors in the face of this unfortunate woman under the circumstances presented in this record and tell her that she not only cannot get any compensation for her injury but that she must labor long hours to pay the enormous doctor and hospital bills that should have long ago been paid by respondents would not only be repugnant to the intent, purpose and meaning of the Workers' Compensation Act, but to our sense of justice and fairness.

### IV

We therefore hold Ms. Fowler's claim was timely filed. The order of the court en banc and paragraph five of the trial court's order are vacated and the cause is remanded with directions to proceed with the disposition of Ms. Fowler's claim on the basis of findings made in the first four numerical paragraphs of the trial court's order of January 3, 1986.

STUBBLEFIELD, P.J., and RAPP, J., concur.

---

5. Title 85 O.S.1981 § 14.