JUSTICE RICE,
concurring in part and dissenting in part.
¶49 I concur with the Court’s resolution of Issue 1 but believe the Court has erred by allowing the District Court to reopen and reconsider Clark’s sentence after remand.
¶50 The State argues that the sentencing issues Clark raised on remand, and now before us in the present appeal, are not properly before this Court because Clark did not raise them in his first appeal. According to the State, the limited purpose of our remand was for the District Court to reconsider Clark’s motion for a new trial in light of our holding in Clark I. Thus, the State argues, Clark was not entitled to challenge the originally imposed sentence because we did not send that issue back to the District Court for review.
¶51 Clark argues, and this Court briefly observes (Opinion, ¶ 36), that the State acquiesced to the District Court’s reopening of Clark’s sentence, and therefore the State waived its objection. According to Clark, his original sentence was also reviewable on remand, without ever formally appealing it, simply because it was “illegal.” I would adopt the State’s arguments and re-impose the District Court’s original sentence, as I do not believe a waiver occurred here.
¶52 The law of the case doctrine provides that “in deciding a case on appeal, when the Supreme Court states in its opinion a principle or *128 rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent proceedings, both in the trial court and upon subsequent appeal.” Haines Pipeline Constr., 265 Mont. at 289, 876 P.2d at 637 (citing Zavarelli, 239 Mont. at 124, 779 P.2d at 492); see also Sanders v. State, 1998 MT 62, ¶ 12, 288 Mont. 143, ¶ 12, 955 P.2d 1356, ¶ 12. While the trial court may generally consider any matters left open by the appellate court when a case is remanded for further proceedings, Zavarelli, 239 Mont. at 125-26, 779 P.2d at 493, that rule does not apply when the case is remanded with specific, limited instructions, even if the Court employs its oft-used “further proceedings” language. A closer look at Haines Pipeline Constr. and Zavarelli demonstrates the difference between a case remanded for a new trial and a case remanded with limiting instructions.
¶53 In Haines Pipeline Constr., we had previously affirmed the District Court’s findings and conclusions in all respects except as to compensatory and punitive damages, remanding for the “singular purpose” of allowing “the parties to plead, prove, argue and defend against” a change in the law which had occurred between the litigation and the appeal and which had rendered the then-existing record insufficient to support the district court’s punitive damages award. Haines Pipeline Constr., 265 Mont. at 291, 876 P.2d at 638. Despite our limited remand, however, the District Court retried the case de novo, ultimately making findings and conclusions “directly contrary to the findings of fact and conclusions of law in Haines I, which were affirmed by this Court.” Haines Pipeline Constr., 265 Mont. at 287, 876 P.2d at 636. We observed that the trial court is free to conduct further proceedings “not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision.” Haines Pipeline Constr., 265 Mont. at 290, 876 P.2d at 637 (second emphasis added); see also Story v. City of Bozeman, 259 Mont. 207, 230-31, 856 P.2d 202, 216 (1993) (“A judgment of the supreme court ordering a new trial opens anew all questions in the case.”) However, by conducting a trial de novo, the district court in Haines Pipeline exceeded the scope of remand and entertained an issue which had not been reopened.
¶54 In contrast, in Zavarelli we had previously remanded the case to the District Court after concluding it had erred by finding a prescriptive easement on certain property. See Zavarelli v. Might, 230 Mont. 288, 292-93, 749 P.2d 524, 527 (1988). We stated: “Since the prescriptive easement cannot be supported, the judgment must be reversed. We remand for such further proceedings as are necessary in *129 the light of this opinion and the facts found by the District Court.” Zavarelli, 230 Mont. at 292-93, 749 P.2d at 527 (emphasis added). Thus, the District Court’s subsequent conclusion “that the descriptions in the mutual deeds were the result of a mutual mistake” was not inconsistent with our holding that no prescriptive easement existed, and was not precluded by the law of the case. Zavarelli, 239 Mont. at 126, 779 P.2d at 493. Upon reaching this Court once again after remand, we observed that when the case returned to the District Court, it had “the posture of not having a final judgment. In that situation, when there is nothing in the terms of the mandate to prevent it, the trial court has the power, on reconsideration, to find the same facts and change its holding, or to find different facts consistent with its original holding.” Zavarelli, 239 Mont. at 126, 779 P.2d at 493 (emphasis added). In other words, we had “left open” any question other than whether a prescriptive easement existed. The District Court was free to conclude that a mutual mistake had been made because its previous judgment had been reversed in its entirety.
¶55 The present case is similar to Haines Pipeline Constr. and distinguishable from Zavarelli. We did not “leave open” the judgment of the District Court as we had done in Zavarelli by reversing it in its entirety. Instead, similar to our holding in Haines Pipeline Constr., we expressly affirmed the District Court’s judgment of conviction-which included Clark’s sentence-and reversed only the District Court’s denial of Clark’s motion for a new trial. Clark, ¶ 43. We then remanded for the sole purpose of reconsidering Clark’s motion for retrial. In other words, ours was not a wholesale reversal of the District Court’s judgment, but was a limited reversal and remand. As such, the District Court did not have jurisdiction to reconsider its entire judgment or sentence, because that issue had been settled by this Court and had become the law of the case, which demanded that Clark’s conviction and sentence stand as rendered by the District Court and affirmed on Clark’s first appeal. Just as we did in Haines Pipeline Constr., we remanded for a “singular purpose,” and the District Court exceeded the scope of that remand by reconsidering Clark’s sentence. See also State v. O’Shea, 634 N.W.2d 150, 158 (Iowa Ct. App. 2001) (remand to the District Court was for the sole purpose of applying the correct legal standard to defendant’s new trial motion and did not extend to a reconsideration of his motion for judgment of acquittal).
¶56 Accordingly, I would not reach the merits of Issues 2 and 3 and would reverse the District Court’s re-sentencing of Clark for lack of jurisdiction.