## East Penn Township School District School Board, Appellant *v.* Kemmerer et al.

Argued November 14, 1945. Before RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (BALDRIGE, P. J., and HIRT, J., absent).

*Albert H. Heimbach,* for appellant.

*Ben Branch,* for appellees.

OPINION BY DITHRICH, J., December 14, 1945:

James A. Kemmerer was the duly elected tax collector for the appellant school district for the school year of 1934-35. He furnished a bond on which Schleicher and Ziegler were sureties. On March 17, 1942, the school district filed suit in assumpsit against Kemmerer and his sureties seeking to recover the sum of $589.40, with interest from January 3, 1938. The defendants Schleicher and Ziegler filed a good and sufficient affidavit of defense on March 23, but Kemmerer neither appeared nor filed an affidavit of defense. Almost a year later, on February 4, 1943, counsel for the plaintiff directed the prothonotary to enter judgment against Kemmerer for want of an affidavit of defense. The case was then tried before the court without a jury and resulted in an adjudication in favor of the three co-defendants, the court holding that the plaintiff was without authority to enter judgment against Kemmerer before the final adjudication of the action.

In our opinion, the ruling of the learned court below on this question was proper. In an action on a tax collector's bond against a principal and his sureties as co-defendants, summary judgment for want of an affidavit of defense cannot be entered against the principal before the final adjudication of the action against the sureties. The causes of action against both principal and sureties are identical, and the plaintiff is not en-

titled to a judgment against either co-defendant until the issue is determined. Although the liability on the bond was joint and several, the actions against both principal and sureties involved but one issue, viz., the principal's indebtedness to the plaintiff. The decisions in both actions depended upon the determination of this single issue. Therefore, the entry of a default judgment against one defendant, after an affidavit of defense had been filed by his co-defendants and prior to the determination of this issue, was premature and unwarranted. A complete and adequate defense that applied equally to both actions had already been presented. In *Com., to use, v. Turner et al.*, 340 Pa. 468, 474, 17 A. 2d 352, it was held that: "As principal and surety were sued jointly, and as their interests were identical with regard to the charge of *official* misconduct, the surety's denial that the use-plaintiff suffered any loss through his notarial act inured to the benefit of the principal. See O'Neal v. O'Neal, 4 W. & S. 130, 131; Noble's Administrator v. Laley, 50 Pa. 281, 284; Commonwealth v. McCleary, 92 Pa. 188, 191. It is merely a quibble to say that the surety should have filed an affidavit of defense separately for the principal with respect to the latter's liability in his official capacity. The issue was clearly and effectively raised in its own pleadings."

Plaintiff in its statement of claim predicated the liability of defendants on the Auditors' Report of the East Penn Township School District for the year ending July 1, 1935, which report was made and filed in accordance with the provisions of the School Code of May 18, 1911, P. L. 309, §2625, as amended, 24 P. S. §2271. This report was made on a form furnished by the Department of Public Instruction of the Commonwealth. Under the caption, "Assets," it showed the following:

|  | | Assets<br>Unpaid Taxes | |
| :--- | ---: | ---: | ---: |
|  | Returns | Liens | Not Returned<br>or Filed<br>as Liens |
| 1931 Tax (Current<br>Year) ......... | 446.31 | | 446.31 |
| 1932 Tax ........ | 855.27 | | 855.27 |
| 1933 Tax ........ | 2,132.85 | | 2,132.85 |
| Previous to 19— | | | |
| Duplicate 1934 Tax. | 3,085.58 | 85.91 | 3,171.47 |

Paragraph 5 of the statement of claim alleges that taxes were due the plaintiff on the tax duplicate in the amount of $3,085.58. Against this sum are credited payments to the plaintiff of $1,463.85 and ". . . November 1, 1937 Exonerations . . . $390.00 and January 3, 1938 Tax Liens filed . . . $642.32." The balance of $589.40 with interest is claimed of the defendants. There is no reference to the tax collector, by name or otherwise, in the auditors' report, nor is there any separate or distinct statement of the tax collector in account with the school district.

The School Code of 1911, supra, §2601 et seq., 24 P. S. §2201 et seq., provides for the auditing of the finances of every school district, and ". . . including therein any sums that have been charged against any person or persons, . . ." The report filed in the instant case shows a general audit of the accounts of the school district. There is no sum specifically charged against the tax collector. In this respect, it is not such a complete report as is contemplated by the act. In order to attach liability to the tax collector, the auditors' report should show not only a sum definitely charged against him, but also an audit of the tax collector's accounts. An audit of the accounts of both the school district and the tax collector is required by the School Code, supra: *Senor v. Dunbar Township School District*, 307 Pa. 190, 160 A. 701. The auditors' report in this case does not include sufficient detail to support plaintiff's claim.

The judgment is affirmed.