**O. K. IRON & METAL COMPANY,**
Petitioner,

v.

**Rudalfo R. SANDOVAL and State Industrial Court, Respondents.**

No. 42038.

Supreme Court of Oklahoma.

Oct. 3, 1967.

Fischl, Culp & McMillin, Ardmore, for petitioner.

Welch & Minter, Madill, Chas. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

McINERNEY, Justice.

The award under review, which allows claimant compensation for permanent partial disability and disfigurement, is challenged by the single complaint that the employer was denied a "full, fair and impartial hearing" by the trial judge's refusal to grant a continuance and to direct that claimant request and consent to the release of his medical records in possession of a federal veterans' facility.

Claimant admittedly sustained an accidental injury on May 22, 1965, while on the job at employer's premises. The accident occurred when a small butane bottle exploded and the gas ignited. The nature and extent of claimant's disability formed the principal issue in the proceedings below.

Following his injury claimant was hospitalized with "first and second degree burns of face, neck, ears, with flash burns of eyes" and received treatment from Dr. H., a physician engaged by the employer. On his discharge by Dr. H. some two weeks after the accident claimant briefly returned to his work as a cutting torch operator. He then left the employment because his eyes "bothered" him.

During the summer of that year claimant sustained a gunshot wound to his left knee. This injury was admittedly unrelated to his employment. Early in the fall he procured medical and surgical care for that condition at a federal veterans' hospital. He then developed acute sinus trouble which interfered with his breathing. This discomfort was relieved by some surgical procedure performed at the same veterans' facility. After his release in the forepart of October claimant was examined by Dr. M. who was his expert witness in the proceeding below.

Testifying by deposition taken twenty days before the hearing, Dr. M. expressed the opinion that claimant's sinus condition was attributable to the "inhalation of the fumes, and perhaps the flames themselves" in the fire at employer's premises and that "it was quite likely that the problem with his sinuses did not develop immediately" after the compensable accident.

According to the letter-report of Dr. H., the employer's treating physician, claimant did not complain to him of a sinus irritation nor did the medical findings then reveal that "there was ever any involvement of either sinuses or pulmonary tract."

The claim was reached for disposition on March 24, 1966. On March 8, and before the beginning of the hearing, employer moved in writing for continuance and for

an order directing claimant to sign the form required by federal veterans' facilities for the release of medical information in their possession. It is not quite clear whether these medical records were sought for pretrial inspection or were to be offered as employer's evidence. The basis given for their pretrial production was the employer's belief that they "will be material in ascertaining whether or not the alleged sinus injury was caused by the accident * * *" and "will aid the court in the proper disposition of this case * * *." The trial judge denied these motions as "premature at this time."

Employer did not allege below, nor does it assert here, that it was, or may be, liable, under the terms of 85 O.S.1961, § 14, for claimant's self-procured sinus treatment and surgery at the veterans' facility. See in this connection Higley v. Schlessman, Okl., 292 P.2d 411, and Mattingly v. State Industrial Court, Okl., 382 P.2d 125. The evidence and the answer brief do not disclose that claimant maintained otherwise. In this state of the record, and for the purpose of this proceeding only, we regard the services rendered for claimant by the federal facility as falling outside the class of treatment deemed in law to have been supplied by, or at the instance of, the employer in fulfillment of his obligation under the provisions of 85 O.S.1961, § 14.

■■ Discovery (by depositions, interrogatories and pretrial inspection of documents) in proceedings before the State Industrial Court is governed by the procedure prescribed by law in civil actions in courts of record. 85 O.S.1961, § 82; Rule 2 of the State Industrial Court; 12 O.S.Supp.1965, §§ 548 and 549. Unless waived in a manner cognizable by law, matters privileged under the provisions of 12 O.S.1961, § 385, subdiv. 6, are excludable in industrial proceedings. Strebeck v. Eagle Picher Mining & Smelting Co., Okl., 259 P.2d 536, 538.

■ When employer's motions were presented to the trial judge there was nothing before him to indicate that claimant had waived the privilege. Moreover, by his deposition testimony, introduced later in the proceeding, Dr. M. expressly advised the trial tribunal that the treating physicians at the federal veterans' facility would be in no better position than he was to enlighten the employer as to the medical causation of claimant's sinus condition. This statement of Dr. M. stands uncontroverted by any expert opinion. We therefore find no error or prejudice to the employer in the trial judge's ruling on the motion for production of the medical records at the stage of the proceedings when it was made.

■ We need not pause here to decide whether any portion of claimant's own testimony at the hearing operated in law as a waiver of the privilege. It suffices to say that employer did not renew its motion for production of medical information either during, or at the close of, the evidentiary proceedings. When both parties rested, employer's counsel expressly advised the trial judge that the case stood "submitted." In his specifications on appeal to the court en banc employer's counsel did assert as error the trial judge's ruling on the motion for pretrial production of medical records but failed to apply in proper form for an order remanding the cause to the trial judge for introduction of additional evidence.

■ When a decision of the trial judge is deemed to have been prematurely entered, the party aggrieved thereby must, by an appropriate application to the trial judge or to the State Industrial Court en banc, offer to present further testimony, show the nature and materiality thereof and state the reason why the same was not, or could not, be produced at the prior hearing. In a proceeding before the Supreme Court to review an award of the State Industrial Court the errors sought to be presented must be preserved in the record in the manner applicable to civil actions. 85 O.S.Supp.1963, § 29; 85 O.S.1961, § 78; Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741, 745; Blair v. Federal Insulation Co., Okl., 277 P.2d 687, 689. This court's reviewing power is statutorily confined to errors of law. 85 O.S.1961, § 26; Merrill v. State

Industrial Commission, Okl., 290 P.2d 1095, 1098.

█ Neither the record nor the employer's brief demonstrates error cognizable by law. Assignments of error will not be considered favorably by the Supreme Court when unsupported by convincing authority or argument, and it does not appear without further research that they are well taken. Irwin v. Irwin, Okl., 416 P.2d 853, 860.

There is no showing here that employer was denied a full, fair and impartial hearing by the State Industrial Court. Farmers Cooperative Association v. Madden, supra.

Award sustained.

All the Justices concur.