Lowell E. McCONNELL and State Industrial Court of the State of Oklahoma, Appellees,

v.

Y.M.C.A. OF GREATER OKLAHOMA and City and Home Indemnity Company. Appellants.

No. 46130.

Supreme Court of Oklahoma.

Oct. 23, 1973.

W. D. Hart, Hart, Rennie & McClain, Pauls Valley, for appellees.

Harry R. Palmer, Jr., E. C. Chastain, Oklahoma City, for appellants.

SIMMS, Justice:

The trial judge entered an order denying claim for compensation filed June 29, 1972, for accidental injury alleged to have resulted in heart attack April 14–15, 1972, while claimant was engaged in covered employment. On appeal, the State Industrial Court en banc modified this order as follows:

"That Claimant sustained an accidental injury, arising out of and in the course of his employment with said respondent, consisting of a myocardial infarction resulting in total permanent disability, 500 weeks at $50.00 per week, or $25,000.00, less 20% attorney fee of $5,000.00; $187.50 Special Occupational Tax.

IT IS FURTHER ORDERED that respondent or insurance carrier pay the reasonable and necessary medical bills incurred by claimant as a result of said injury."

Respondents perfected this proceeding to vacate the award of the court en banc for lack of jurisdiction in the State Industrial Court. Respondents allege claimant failed to give statutory written notice required by 85 O.S.1971, § 24. Alternatively, respondents ask vacation of the order and remand of the cause by reason of the State Industrial Court's failure to make any finding excusing claimant's failure to give written notice. Respondents also assert the court's failure to accord the respondents a full and fair hearing was a denial of due process of law.

Claimant's Form 3 alleged that an accidental injury resulted in a heart attack on April 14–15th. Respondents answered by general denial of the claim. The case was heard August 18, 1972, on the issue of permanent partial disability and request for payment of medical bills. Respondents made no objections to trial, but advised the court of their own lack of medical testimony and objected to claimant's medical evidence. The trial court then informed counsel respondents would be given an opportunity to have claimant submit to a medical examination at a later date. The hearing then proceeded.

Evidence disclosed that claimant was resident manager of respondent YMCA's facility near Davis, Oklahoma. His duties included loading hay and feeding horses,

and handling heavy trash cans. On April 14th, claimant was loading baled hay when he was struck by pain in his chest and arms. Claimant had to quit work and go home to lie down. The next day claimant fed horses, but while emptying trash barrels, was again struck by pain and had to go to bed. Claimant did not work Sunday, but that night had to secure emergency treatment in Ardmore, where Dr. M. prescribed medication and bed rest.

On April 18th, claimant was examined by Dr. E. in Davis, Oklahoma, for complaints of pain in left chest and arms. Claimant was immediately hospitalized in Sulphur for eight days with diagnosis of acute inferior infarction. Dr. E. reported claimant would be totally disabled for six weeks, would continue to have exertional chest pain, and would be unable to perform manual labor in the future.

Claimant was referred to Dr. H. in Oklahoma City, who examined claimant and reported arteriorsclerotic coronary disease with recent inferior infarction, and recommended no exertional activity be permitted.

Respondent offered the report of Dr. H., dated May 8, 1972, as evidence and claimant's counsel agreed to waive cross-examination of the physician upon agreement that the report of claimant's examining doctor (Dr. P.) could be admitted. Dr. P.'s report, based upon accurate history and extensive examination, found claimant suffering acute myocardian infarction resulting in total permanent disability for performance of ordinary manual labor.

Upon close of testimony, respondents entered a demurrer to the evidence, which was overruled. The trial judge entered an order September 13, 1972, denying claim for compensation upon the stated ground that claimant did not sustain accidental injury, since he was performing his usual duties, and since the attack was unconnected with any factor causing strain.

For their first proposition of error, respondents assert that the failure of claimant to give statutory written notice, the lack of evidence to support the en banc order of modification, and the failure of the en banc order to expressly excuse claimant's failure to give written notice resulted in reversible error. Respondents insist the issue of notice was raised by demurrer and, although the order of denial obviated the need for any finding as to notice, it was incumbent on the State Industrial Court en banc to make a finding excusing failure of written notice.

Numerous decisions cited in support of this conclusion are typified by Ledford Cement Finishing Co. v. Cooks, Okl., 449 P. 2d 707 (1968); and, Mistletoe Express Service v. Bond, Okl., 455 P.2d 90 (1968). The facts of the case at bar are governed by Wood v. Oklahoma Osteopathic Hospital, Okl., 512 P.2d 135 (1973).

 Written notice of injury is not jurisdictional, and cannot be asserted as a defense absent timely objections. Rucks-Brandt Construction Co. v. Price, 165 Okl. 178, 23 P.2d 690 (1933). The fundamental purpose of the notice statute is to put the employer on guard and to afford him an opportunity to protect the employer's interests. Lane Const. & Plbg. Co. v. Green, Okl., 451 P.2d 947 (1947).

 State Industrial Court Rule 10 provides that the failure to file an answer, *or an answer in the form of a general denial,* admits all allegations of the claim except the nature and extent of disability. Any other matter sought to be denied must be expressly set forth in the answer. Failure to give timely notice is an ultimate fact which bars claim for compensation unless excused. Bellymer v. Dover Oil Co., 181 Okl. 11, 71 P.2d 973 (1937). But, unless this question is put in issue the fact of notice is presumed. 85 O.S.1971, § 27; Wood v. Oklahoma Osteopathic Hospital, *supra.* No issue of notice was properly presented before the State Industrial Court, therefore, no finding excusing failure to give statutory written notice was required.

**578**

For their second allegation of error, respondents urge that arrangements had been made to have the claimant examined by respondents' Doctor, but the case was submitted to the court before such examination and without the respondents' agreement. The original order was modified by the award of total permanent disability. Respondents argue that modification of the original order, without remanding the case to allow respondents the opportunity to have claimant examined as to percentage disability, permitted the court to determine disability upon claimant's evidence alone and thereby denied respondents due process of law.

This argument lacks substantial merit. Whether the trial judge acted precipitously is unimportant. The State Industrial Court's jurisdiction to hear and determine en banc appeals is extended by statute and case law. 85 O.S.1971, § 77(9); Bryant-Hayward Drlg. Co. v. Cook, Okl., 439 P.2d 480 (1968).

The procedure to be followed by a party aggrieved by a decision of the State Industrial Court en banc is set forth in O. K. Iron & Metal Co. v. Sandoval, Okl., 434 P.2d 247, 249 (1967):

"When a decision of the trial judge is deemed to have been prematurely entered, the party aggrieved thereby must, by an appropriate application to the trial judge or to the State Industrial Court en banc, offer to present further testimony, show the nature and materiality thereof and state the reason why the same was not, or could not, be produced at the prior hearing. In a proceeding before the Supreme Court to review an award of the State Industrial Court the errors sought to be presented must be preserved in the record in the manner applicable to civil actions."

No effort was made to preserve the claimed error by compliance with the prescribed procedure. Award sustained.

All the Justices concur.