JOE PAUL, APPELLANT, v. VALTA POOL, RESPONDENT.

No. 9364

January 28, 1980                                               605 P.2d 635

*Beckley, Singleton, DeLanoy & Jemison, Chartered,* Las Vegas; and *Dickerson, Miles & Pico,* Las Vegas, for Appellant.

*Lionel Sawyer & Collins,* Las Vegas; and *Jerrold J. Courtney,* Las Vegas, for Respondent.

**OPINION**

By the Court, BATJER, J.:

On August 26, 1975, respondent, Valta Pool, was injured when a car that she was driving collided with a car driven by one Joel Bledsoe. On February 12, 1976, respondent initiated an action for damages against Bledsoe and against Bledsoe's ex-stepfather, the appellant, Joe Paul. Respondent's claim against Bledsoe was predicated on his negligent operation of his automobile. Respondent alleged that appellant was liable for her damages because Bledsoe was a minor at the time of the accident and appellant had signed Bledsoe's license application, causing Bledsoe's negligence to be imputed to appellant. NRS 483.300.[1]

Bledsoe filed an answer on March 8, 1976, and an amended answer on March 19, 1976. In the amended answer Bledsoe denied his negligence and set forth certain affirmative defenses.

Appellant filed no answer. A default was entered against him by the clerk on July 2, 1976. In a hearing before the district court on July 30, 1976, respondent introduced evidence to establish her claim. In its findings of fact and conclusions of law, the court determined that Bledsoe had negligently caused the accident and that Bledsoe's negligence was imputed to appellant through NRS 483.300(2). A default judgment was

---

[1]NRS 483.300:

"1.   The application of any person under the age of 18 years for an instruction permit or driver's license shall be signed and verified, before a person authorized to administer oaths, by either or both the father or mother of the applicant, if either or both are living and have custody of him, or in the event neither parent is living, then by the person or guardian having such custody, or by an employer of such minor, or in the event there is no guardian or employer, then by any responsible person who is willing to assume the obligation imposed under NRS 483.010 to 483.630, inclusive, upon a person signing the application of a minor.

"2.   Any negligence or wilful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful misconduct."

entered against appellant in the sum of $5,000,000. Furthermore, the district court determined, pursuant to NRCP 54(b), that there was no just reason for delay in the entry of the judgment.[2]

On October 21, 1976, appellant filed a motion seeking to set aside the default and to be permitted to answer the complaint. On November 9, 1976, before it had ruled on that motion, the district court, pursuant to a stipulation between Bledsoe and respondent, dismissed Bledsoe without prejudice from the action.[3] The district court then denied the appellant's motion on November 19, 1976.

This appeal is taken from the order denying appellant's motion to set aside the default judgment. Respondent contends that if appellant wants relief from the default he is limited only to remedies provided in NRCP 60 because the default became a final judgment when the court certified it pursuant to NRCP 54(b). Appellant counters this argument by asserting that the default judgment was not final because the certification pursuant to NRCP 54(b) was erroneously granted.

The answer of a co-defendant inures to the benefit of a defaulting defendant where there exists, as here, a common defense as to both of them. Rogers v. Watkins, 525 S.W.2d 665 (Ark. 1975);[4] Beddow's Administrator v. Barbourville Water, Ice & Light Co., 66 S.W.2d 821 (Ky. 1934); Bronn v. Soules, 13 P.2d 623 (Ore. 1932); School Board v. Kemmerer, 44 A.2d 854 (Pa.Super.Ct. 1945); *Cf.* State ex rel. Everett v. Sanders, 544

---

[2]NRCP 54(b):

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[3]Although the Hon. Michael J. Wendell had presided over the proceedings in this case, it was the Hon. James A. Brennan who ordered the dismissal.

[4]Arkansas has a statute which is very similar to NRS 483.300; Ark. Stat. Ann. § 75-315 (Repl. 1957). In Rogers, *supra,* the Supreme Court of Arkansas held that the district court erred in granting the appellee's motion to strike the appellant's late answer because the common defenses interposed by the daughter in her timely answer inured to the benefit of the appellant parent alleged to be liable by imputation for the daughter's negligence.

P.2d 1043 (Ore. 1976); In re Forsyth's Estate, 45 Nev. 385, 204 P. 887 (1922).[5]

Here, respondent chose to join appellant and Bledsoe in the same action. Bledsoe's amended answer denied negligence and pleaded the affirmative defenses of contributory negligence and assumption of the risk. Since appellant is liable to respondent only if Bledsoe's negligence can be proved, the defenses interposed by Bledsoe's answer inure to the benefit of appellant to the same degree as if appellant had personally filed an answer. It was therefore error for the district court to enter a default against appellant, hear ex parte evidence and enter judgment.

When a court improperly certifies an otherwise interlocutory order as final, pursuant to Rule 54(b), the certificate of finality is without operative effect. Acha v. Beame, 570 F.2d 57 (2nd Cir. 1978); Page v. Preisser, 585 F.2d 336 (8th Cir. 1978). A judgment does not become a final one until the litigation is fully terminated. Acha v. Beame, *supra;* Page v. Preisser, *supra.*

The entry of the default judgment and everthing that followed affecting appellant was erroneous. Therefore, the matter is remanded to the district court with instruction to enter an order setting aside the default judgment and the NRCP 54(b) certification and to pursue whatever proceedings may be necessary to conclude the matter.

MOWBRAY, C. J., and GUNDERSON and Manoukian, JJ., concur.

THOMPSON, J., concurring:

Although I agree with the result reached by the majority, as to the Rule 54(b) certification, I cannot agree that error occurred when the clerk entered Paul's default for failure to appear, nor do I believe that the court thereafter was powerless to hear evidence and enter default judgment.

Paul, a defendant subject to derivative liability for the negligence of his codefendant, Bledsoe, must respond when served with process or face default procedures if the plaintiff elects to pursue them. Consequently, I would deem the default and default judgment to have been properly entered.

The crucial question is whether the default judgment was a final judgment for the purposes of certification under NRCP 54(b). Since the answer of the codefendant, Bledsoe, inures to the benefit of the defaulting defendant, Paul, the court

---

[5]Also see Utley v. Arioso, 86 Nev. 116, 464 P.2d 778 (1970), and Peterson v. City of Reno, 84 Nev. 60, 436 P.2d 417 (1968).

retained the power to revise the default judgment should the pending defense of Bledsoe ultimately prove to be successful. Cf. Rogers v. Watkins, 525 S.W.2d 665 (Ark. 1975). Hence, the court lacked power to certify the default judgment as final. When a court improperly certifies an interlocutory order as final, such certification is without operative effect. Mid-Century Ins. Co. v. Cherubini, 95 Nev. 293, 593 P.2d 1068 (1979); Acha v. Beame, 570 F.2d 57 (2nd Cir. 1978).