**Geraldine P. MILLER, Petitioner,**

**v.**

**PAULS VALLEY STATE SCHOOL, State Insurance Fund, and the Workers' Compensation Court, Respondents.**

No. 66836.

Supreme Court of Oklahoma.

May 23, 1989.

J. Mike Lawter, Oklahoma City, for petitioner.

John R. Schneider, Fred Nicholas, Jr., State Ins. Fund, Oklahoma City, for respondents.

SIMMS, Justice.

Original proceedings by claimant to review an order of the tripartite panel of the

Workers' Compensation Court which modified the order of the trial judge by finding that claimant sustained an accident, but that such accident did not cause any job related injury. The trial judge had found that claimant did not sustain an accidental injury arising out of and in the course of her employment.

This proceeding was assigned to the Court of Appeals, Division I, which vacated the order of the Workers' Compensation Court, and remanded the cause for further proceedings. We Grant Certiorari, Vacate the opinion of the Court of Appeals, and sustain the findings of the Workers' Compensation Court panel, which denied the claim.

Claimant is an attendant at Pauls Valley State School. On June 13, the date of the alleged accidental injury, one of the school's patients was attempting to do harm to herself and fighting with other patients and attendants. The patient had to be "bodily" restrained "all day" and as a result of claimant struggling with the patient "all day", she alleges she "pulled my uterus and bladder loose." She continued to work until July 8, and surgery was performed on July 10. Claimant sought temporary total disability only for the period of July 10, the date of the surgery, until September 2, the date she was released to return to work.

It is unrefuted that claimant had been receiving medical treatment for her internal female organs for a considerable period of time prior to the date of the event in question. The Compensation Court had before it two medical reports which were conflicting. One report stated, "It is my opinion that my patient did most likely suffer bladder and rectal relaxation, as well as probable uterine relaxation due to this injury occurring on June 13, with this injury requiring surgery." On the other hand, a contra medical report read that claimant "... did not require this surgery as a result of her alleged injury of 6–13–85.... I feel therefore that due to her alleged injury of 6–13–85 this injury was not the cause of her necessity for surgery ..."

The standard of appellate review of orders arising from a Workers' Compensation Court three judge panel, was set forth in *Parks v. Norman Municipal Hospital,* Okl., 684 P.2d 548 (1984). We therein held "When the panel-substituted decision is tendered for corrective relief, it must hence be reviewed by applying the law's traditional any-competent-evidence test of correctness. Under this standard our responsibility simply is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies, but only for the purpose of ascertaining whether the tribunal's decision is supported by any competent evidence." In this case, we find the order of the three judge panel denying compensation must be sustained under the any-competent-evidence test. ORDER OF THE WORKERS' COMPENSATION COURT SUSTAINED.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES and LAVENDER, JJ., concur.

DOOLIN, ALMA WILSON and KAUGER, JJ., dissent.