Bradley THOMPSON, Petitioner,

v.

NELSON ELECTRIC, Travelers Insurance Company, and the Workers' Compensation Court, Respondents.

No. 73991.

Supreme Court of Oklahoma.

Feb. 11, 1992.

Rehearing Denied April 28, 1992.

Jerry L. Franks Jr. and Wilson Jones, Frasier & Frasier, Tulsa, for petitioner.

Jerry H. Holland and Herbert W. Wright, III, Sanders & Carpenter, Tulsa, for respondent.

LAVENDER, Justice.

The issue presented is whether the statute of limitations bars Petitioner's claim for a job-related cumulative effect back injury? We answer affirmatively.

Petitioner (Thompson) was an employee of Nelson Electric (Respondent) for over twenty-one (21) years. Thompson filed a claim on October 7, 1987 concerning a back injury sustained in the course of his employment. A hearing was held on the issues of permanent total disability and temporary total disability. Petitioner filed a motion to consolidate this back injury claim (# 87–17685F) with a claim involving a knee injury (# 87–17755X) since both injuries had the same date of last exposure.[1] This motion was denied, however, the trial judge agreed to hear both cases consecutively. The court's order lists *both* case numbers and provides:

That claimant sustained two seperate (sic) injuries, with temporary aggravations from time to time. The Statute of Limitations has run on all of those accidental, on the job injuries. To characterize claimant's back problems as repeated mini traumas would be an unjustified deviation from the theory of recovery first adopted in *Macklanburg–Duncan v. Edwards*, 311 P.2d 250 (Okl.1957).

Petitioner appealed to the Three–Judge Panel which sustained the decision of the trial court as did the Court of Appeals. We previously granted certiorari.

## I.

◼ We begin by noting our standard of review as reiterated in *Miller v. Pauls Valley State School*,[2] which holds:

When the panel-substituted decision is tendered for corrective relief, it must hence be reviewed by applying the law's traditional any-competent-evidence test of correctness. Under this standard our

responsibility simply is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies, but only for the purpose of ascertaining whether the tribunal's decision is supported by any competent evidence.

Further, we will consider only those issues appealed to the Three–Judge Panel. The reason for this is that:

Where the aggrieved party desires to use the intra-court structure of the Workers' Compensation Court with its stricter evidentiary standard and requests review by the Court En Banc, the order of the court En Banc is the final order of the Workers' Compensation Court. This final order is the only order which will be considered by the appellate court. To permit the Court En Banc to consider only issues selectively chosen by an aggrieved party on review to that forum and then allow additional allegations of trial court error to be submitted to the appellate court, if dissatisfied with the results obtained from the Court En Banc's review, would result in recognizing the existence of two "final" appealable orders, one from the trial court and one from the court en banc. Such would not only defeat the legislative intent of 85 O.S.1981 Section 3.6, regarding the Court En Banc but would also be contrary to the holding in *Parks*. This is not dissimilar to a motion for a new trial where allegations not raised before the trial court may not be raised later on appeal.[3]

## II.

◼ In his Petition for Review presented to this court, Petitioner contends that the trial court erred for not properly characterizing his injury as cumulative mini-traumas which decision resulted in his claim being barred by the statute of limitations. Respondents assert, however, that Petitioner has waived his right to contest the trial

---

1. Transcript of Proceedings at 4.

2. 773 P.2d 1264, 1265 (Okla.1989).

3. *Johnston Food Co. v. Monday*, 702 P.2d 62, 65 (Okla.App.1985) (citations omitted).

judge's finding that the injury was a single-event injury in that Petitioner did not raise this on appeal to the Three–Judge Panel. Further, Respondents contend that Petitioner is barred from appealing any claim concerning the knee injury or question the competency of the medical evidence in that neither of these issues were raised to the Three–Judge Panel. It appears neither party is entirely correct in their assessment of the situation.

The applicable appellate rule in effect at the time this appeal was filed is 85 O.S.Supp.1989 Ch. 4 App.Rule 28.[4] The rule states:

A. Appeals to the three judge panel may be taken by filing an original and three copies of a request for review within ten (10) days from the date the order appealed from was stamp filed by the Court. The request for review shall include:

(1) The name of the trial judge from whose decision the appeal is taken;

(2) A copy of the order appealed;

(3) *A statement of each conclusion of law and finding of fact urged as error;* and

(4) A brief statement of the relief sought.

No response to a request for review is necessary. Appeals to the three judge panel shall be strictly on the record made before the trial court. No new evidence shall be allowed. Said request for review shall be accompanied by a check in the sum of one hundred dollars ($100.00) as filing fee for said appeal.

The record in the case at bar reveals that Petitioner in his Notice of Intent and Assignment of Error merely recited the trial judge's findings as grounds for review by the Three–Judge Panel.[5] Whether these filings satisfied the letter and spirit of Rule 28 in stating precisely what is being appealed need not concern us in that even were

we to accept Petitioner's assertion as true, his claim would still be barred.

The trial court found that the statute of limitations had run on all of Petitioner's accidental on the job injuries sustained as a result of his employment. Petitioner urges on appeal that his injury was of a cumulative trauma nature and that he had two years from the date of last exposure to seek compensation. Petitioner, however, misstates the law and his appeal is without merit. The appellate court correctly held:

Even if Claimant's injuries were considered to be of a *cumulative trauma nature,* his claim still would be time barred because of his awareness of his cumulative trauma. Under the circumstances of a cumulative effect accident, the accidental injury, which accompanies the accident occurs (1) at the time of claimant's awareness or discovery of a "defect" or "ill effect" caused to the claimant; and (2) at the time of his awareness that the effect is causally connected with his job. It is then that the statute of limitations begins to run. *There is competent evidence in the record to support proof of Claimant's awareness of injury to his back as late as 1976, if not before. Likewise, there is competent evidence to support a finding that Claimant believed that the ill effect of his injury was causally connected with his job.*

Accordingly, Claimant argues that with respect to disease or injury caused by cumulative trauma connected with employment, a claim may be filed within two years of the date of last trauma or hazardous exposure. Although the 1985 amendment of § 43 abrogated the awareness doctrine in favor of "date of last trauma or hazardous exposure," we may not revive a cause of action which has already been time barred. Thus, we are constrained to apply the awareness doctrine rather than the date of last exposure as a triggering factor for the run-

---

4. Petitioner states in his brief that 85 O.S.Supp. 1989 § 3.6 does not require Petitioner to specifically state the issues he is appealing. However, rule 28 of the Workers' Compensation Court clearly holds otherwise.

5. Record at 18–20.

ning of the statute of limitations. Claimant's action is thus time barred.[6]

■ While we adopt this reasoning as conclusive, we do note, however, that the Court of Appeals incorrectly determined the status of Petitioner's knee injury claim.[7] As previously stated, the trial judge's order referred to both injuries. While it is true there was no hearing on the knee injury,[8] the final order lists both case numbers and the trial judge's order mentions both injuries. Petitioner's appeal to the Three–Judge Panel lists both case numbers, and no mention was made concerning the lack of opportunity to present evidence on the knee injury. Petitioner has therefore waived his right to present such argument to this court. The error at best, was harmless.

## CONCLUSION

For the reasons specified, the Court of Appeals' opinion is VACATED. The Three–Judge Panel's decision is SUSTAINED.

OPALA, C.J., HODGES, V.C.J., and SIMMS, DOOLIN, and HARGRAVE, JJ., concur.

KAUGER, J., concurs in result.

SUMMERS, J., concurs in part; dissents in part.

ALMA WILSON, J., dissents.

---

**6.** *Thompson v. Nelson Electric, et al.,* Memorandum Opinion No. 73,991 at 2–3. (Okla.Ct.App. June 6, 1990 (not for publication) (citations omitted).

**7.** We will not address the question raised concerning the competency of the medical report in

that Petitioner did not appeal that issue to the Three–Judge Panel.

**8.** Though some testimony was elicited during the first hearing on this injury, clearly Petitioner expected a second hearing. Transcript of Proceedings at 23.