1997 OK 132

**Chester ENOCHS, Petitioner,**

v.

**MARTIN PROPERTIES, INC., d/b/a Baxter Discount Tires, and/or Bud Martin, No Insurance, and the Workers' Compensation Court, Respondents.**

No. 88351.

Supreme Court of Oklahoma.

Oct. 28, 1997.

OPALA, Justice.

¶ 1 The critical issue on certiorari is whether there was error in the Court of Civil Appeals' [COCA] disposition of this case by striking testimony adduced by respondent Bud Martin and directing that, on remand, an award be entered for the claimant. We answer in the affirmative and remand the cause to COCA with appropriate instructions.

I

## THE ANATOMY OF LITIGATION

¶ 2 Chester Enochs [Enochs or claimant] was employed by Baxter Discount Tire [Baxter Tire] when he sustained injuries by falling off a ladder. Enochs' Form 3 listed Baxter Tire as the sole respondent. At the hearing on his claim, Enochs orally amended his Form 3 to include Martin Properties, Inc., d/b/a Baxter Discount Tire and/or Bud Martin. *No legal counsel* was present either for Martin Properties, Inc. or for Baxter Tires. Bud Martin [Martin] appeared *pro se.* He testified that (a) Martin Properties, Inc. is the "parent corporation" of Baxter Tire, (b) he and his wife are the sole shareholders of Martin Properties, Inc. and (c) the business has no compensation insurance. Martin argued that Enochs' injuries did not arise out of or in the course of his employment. His defense relied on his testimony and that of Dennis Snook (Enochs' immediate supervisor at Baxter Tire). The trial tribunal and a three-judge review panel both denied Enochs' claim for lack of evidentiary support. Enochs then brought the review proceeding that is presently on certiorari.

¶ 3 The Court of Civil Appeals [COCA] vacated the panel's order and remanded the cause with instructions to "enter judgment for the claimant." Its opinion struck from the record *all testimony presented by Martin,* holding that there was error in allowing the corporation to appear and defend itself solely by a nonlawyer shareholder (Martin), in violation of Rule 7 of the Workers' Compensation Court.[1] The COCA opinion is si-

William J. Anton, Tulsa, for Petitioner.

Albert M. Morrison, Oklahoma City, for Respondents.

1. The pertinent terms of Rule 7, Rules of the Workers' Compensation Court, 85 O.S.Supp. 1995, Ch. 4, App. are:

"A. In all proceedings before the Court, ... the parties may appear in person or by counsel licensed to practice law in the State of Okla-

lent on Martin's status *qua* individual party respondent in the claim. Because *no* respondent had either appeared before the review panel or submitted a brief before COCA, the appellate court pronounced that it was not required to search the record for evidence that would rebut the allegations in Enochs' brief. On review of the remaining portions of the record (consisting solely of Enochs' evidence), the appellate court held that (a) Enochs' "unrebutted testimony" that his injuries arose out of and in the course of his employment supports the relief sought and (b) the trial tribunal erred as a matter of law in ruling that Enochs failed to meet his burden of proof.

¶ 4 We granted certiorari on the respondents' petition and now vacate COCA's opinion for the reasons to be explained in Parts III through V, *infra.* We remand the case to the Court of Civil Appeals for review, *to be conducted on the full record developed before the trial tribunal and unhampered by the perceived challenge to Martin's appearance as a nonlawyer representative for the corporate respondents.*[2]

## II

### APPELLATE PROCEDURE

¶ 5 The respondents, Martin Properties, Inc., Baxter Tire and Martin, filed no answer

brief before COCA. They now seek by certiorari our review of the appellate court's opinion.

■ ¶ 6 Defaulting in the COCA for want of brief does not by itself preclude an unsuccessful party's access to certiorari process. See in this connection *Hough v. Leonard.*[3] Reversal is never automatic on a party's failure to file an answer brief.[4] When the record presented fails to support the error alleged in the brief of the party who lost below, the decision to be reviewed cannot be disturbed. It is presumed correct until the contrary is shown by the record.[5]

## III

¶ 7 **MARTIN'S STATUS AS AN ACCEPTED REPRESENTATIVE OF THE CORPORATE RESPONDENTS AT THE HEARING BEFORE THE TRIAL TRIBUNAL WENT UNCHALLENGED BELOW AND WAS HENCE NOT PRESERVED FOR EITHER APPELLATE OR CERTIORARI REVIEW**

■ ¶ 8 Claimant's counsel gave the trial judge his general understanding of the law that governs the representation of corporate entities at compensation hearings.[6] His observations did not rise to the dignity of an *interposed objection* to Martin's appearance for the corporate respondents. The claimant

homa.... Corporate entities ... may appear only by counsel...."

2. *See, e.g., In re Estate of Whitlock,* 1988 OK 10, 754 P.2d 862.

3. 1993 OK 112, 867 P.2d 438, 445–46 (*Hough* teaches that the party victorious before COCA is entitled to our *sua sponte* review of all issues which, though properly preserved and briefed on appeal, were not addressed by the appellate court); *Washington v. State ex rel. Dept. of Corrs.,* 1996 OK 139, 915 P.2d 359, 361; *Resolution Trust Corp. v. Greer,* 1995 OK 126, 911 P.2d 257, 260.

4. *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496, 497.

5. Legal error may not be presumed in an appellate court from a silent record. *Hamid, supra* note 4 at 497.

6. The record (transcript of the June 6, 1996 hearing) strongly indicates that the trial judge *treated Martin as a representative of all the respondents in the case.*

"MR. ANTON: I don't know the law. I thought the law was, Your Honor, if it was a corporation, they have to have an attorney to defend themselves.

THE COURT: Well, we generally require an attorney to appear if they are an insurance company or a corporation. But Mr. Martin has appeared many times in this case up to now, has indicated all along he had no insurance and no money to pay for an attorney, and I don't believe there's any law that can force him to have an attorney.

MR. ANTON: *I don't have a problem with that.*

THE COURT: I'll note that you've raised that, and Mr. Martin and I have had many discussions about his ability to try his case without an attorney, and he feels like this is what he has to do, and I'm not going to force him otherwise. But *I'll note your comments.* Anything else, Mr. Anton?

MR. ANTON: No, Your Honor." (Emphasis supplied.)

On this record, the *claimant* also appears to have treated Martin as a representative for the corporate respondents. The certificate of mailing on claimant's appeal to the three-judge review panel

had an *affirmative duty* to challenge Martin's authority, as an unlicensed legal practitioner, to appear for anyone but himself. *That he did not do.*

¶ 9 Even if the transcript were sufficient to show an *interposed objection* to Martin's appearance, it was clearly *waived* by claimant's failure to press the same challenge as part of his appeal to the three-judge review panel.[7] By his notice of appeal to that panel, claimant had urged no more than that the trial tribunal's order is both (a) without evidentiary support and (b) contrary to law.[8] Error not raised before the review panel cannot be considered either in the COCA or by this court.[9]

## IV

**¶ 10 COCA'S ORIGINAL DECLARATION OF RESPONDENTS' DEFAULT *SANS* ADVANCE NOTICE TO THEM IS CONTRARY TO LAW**

¶ 11 On this record, there appears to be another impediment to COCA's original declaration that held the corporate respondents to be in default. Even if COCA had been correct and Martin's appearance for anyone but himself (individually) was legally ineffective, the corporate respondents had *no notice of their default* for want of appearance in the case.

¶ 12 The trial tribunal *had not declared them to be in default.* Rather, it had *accepted* Martin as a recognized representative for all the respondents. His capacity to represent the other two respondents stood unchallenged before the three-judge panel. Neither the trial tribunal's orders (that which was made by the trial judge and that by the review panel) nor any interposed objection pressed by the claimant pronounced the corporate parties as *defaulting respondents.*

¶ 13 District court procedure for advance *notice of default,*[10] which governs in the Workers' Compensation Court (for want

shows that copies were sent to "Bud Martin, Baxter Discount Tire, 1120 South Main, Miami, Oklahoma 73454" and to Bud Martin at his address in Baxter Springs, Kansas.

7. Rule 31(A), Workers' Compensation Court Rules, 85 O.S.1991, Ch. 4, App., states in pertinent part:

"A. ... The Request for Review shall include:
 * * * * * *
3. ... The party or parties appealing to the three-judge panel *will be bound by the allegations of error contained in the Request for Review* and will be deemed *to have waived all others;* * * *" (Emphasis added.)

*Red Rock Mental Health v. Roberts,* 1997 OK 133, 940 P.2d 486, 490 n. 5; *Smith v. Department of Agriculture,* 1994 OK CIV APP 33, 869 P.2d 856, 857–58; *Thompson v. Nelson Electric,* 1992 OK 23, 829 P.2d 12, 13; *Noble County v. Cross,* 1991 OK CIV APP 31, 810 P.2d 380, 382; *Bostick Tank Truck Service v. Nix,* 1988 OK 128, 764 P.2d 1344, 1349; *Johnston Food Co. v. Monday,* 1985 OK CIV APP 22, 702 P.2d 62, 64–65 (citing *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548); *see also McConnell v. Y.M.C.A. of Greater Oklahoma,* 1973 OK 123, 515 P.2d 575, 578; *O.K. Iron & Metal Company v. Sandoval,* Okl., 434 P.2d 247, 249–250 (1967).

8. Enochs' June 14, 1996 notice of appeal *urges but two grounds:*

"I
 That said Order is contrary to the law of this jurisdiction in that claimant was able to show

each fact necessary to establish compensability meeting his burden of proof and persuasion.

II
 That said Order is against the clear weight of evidence in that Claimant was able to show that the injury which occurred was causally connected to his mission for his employer"

9. *Red Rock, supra* note 7 at 490 n. 5; *Thompson, supra* note 7 at 13; *Bostick, supra* note 7 at 1349; *Johnston Food, supra* note 7 at 64–65.

10. Rule 10, Rules For District Courts Of Oklahoma, 12 O.S.1991, Ch. 2, App., states in pertinent part:

"In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, *default shall not be taken until a motion therefore has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered* to the attorney of record for the party in default or *to the party in default if he is unrepresented* or his attorney's address is unknown. If the addresses of both the party and his attorney are unknown, the motion for default judgment may be heard and a default judgment rendered after the motion has been regularly set on the motion and demurrer docket. It shall be noted on the motion whether notice was given to the attorney of the party in default, to the party in default, or because their addresses are unknown, to neither. * * *"

of a specific rule on this point[11]), was the respondents' due before the COCA-ordered default could be taken against them.[12] That much is required by Rule 10, the applicable legal norm.[13] Since the trial tribunal—at both of its levels—had *accepted* Martin as representing himself and as a representative for the corporate respondents, all these entities must be treated as having made an appearance in the case.[14] *Parties who make an appearance cannot be adjudged in default without advance notice.* An appellate court's decision that originally declares these respondents—all of whom appeared below—to be in default *sans* opportunity to· cure the deficiency offends the procedure that obtains in the compensation court.[15]

¶ 14 In short, because the trial tribunal had *accepted* Martin's evidence *in behalf of all* the respondents in the claim, an appellate court was powerless to reject it without proper showing that the proof was wrongly adduced and without affording the respondents—all declared to be in default—advance notice with an opportunity to cure the defect.

**11.** Rule 2, Workers' Compensation Court Rules, 85 O.S.1991, Ch. 4, App., states:

> Any matter of practice or procedure not specifically dealt with either by the Workers' Compensation Act or by these Rules will be guided by practice or procedure followed in the district courts of this state.

**12.** *Union Texas Petroleum v. Corporation Com'n,* 1981 OK 86, 651 P.2d 652, 658.

**13.** For the provisions of *Rule 10,* Rules for District Courts of Oklahoma, see *supra* note 10.

**14.** The trial tribunal's *acceptance of Martin as counsel for the corporate respondents gave them the protection of Rule 10, supra* note 10.

**15.** *See* the pertinent terms of Rule 10, Rules for District Courts of Oklahoma, *supra* note 10. COCA's original declaration of default, even if proper, cast upon it a duty to remand the claim with instructions to afford the corporate respondents an opportunity to cure their default.

**16.** *See in this connection, Rein v. Patton,* 208 Okl. 442, 257 P.2d 280, 283 (1953) (a joint petition in error must be good as to all petitioners or it will be unavailable to any of them); *Taxicab Drivers' Local Union No. 889 v. Cook,* Okl., 327 P.2d 660, 663–64 (1958) (a joint assignment of error must be good as to all joining therein or it will be good as to none); *Carlton v. State Farm Mut. Ins. Co.,*

## V

### ¶ 15 MARTIN'S EVIDENCE IS TO BE TREATED AS HAVING BEEN ADDUCED IN JOINT DEFENSE

 ¶ 16 The trial tribunal admitted Martin's testimony as proof of a *joint defense* that is effective in behalf of all the respondents. COCA doubtless took the view that, when allowing Martin to adduce evidence in joint defense, the trial tribunal was authorizing him to make an impermissible appearance for all the respondents to be affected by the elicited testimony. This incorrect position cannot be sustained.

 ¶ 17 A joint proffer of evidence is, as a general rule, good if it serves alike all the jointly named parties.[16] The evidence elicited by one defendant inures to the benefit (or detriment) of all others who are situated alike. It can be set aside only upon a showing of error. At common law, a common defense had to be effective *in the same sense* in order to protect all persons in behalf of whom it was *jointly* offered.[17] If evidence favors more than one respondent, it will be deemed to inure to the benefit of them all.[18]

Okl., 309 P.2d 286, 289 (1957) (where the combining of duplicitous appeals in one petition in error (and in the briefs) causes no confusion, the court would not dismiss the cause for duplicity).

**17.** The answer of a codefendant inures to the benefit of a defaulting defendant where there exists a common defense available to both of them. *Rogers v. Watkins,* 258 Ark. 394, 525 S.W.2d 665, 667 (1975); *Gabbard et al. v. Gabbard et al.,* 294 Ky. 572, 172 S.W.2d 214 (1943); *Beddow's Administrator v. Barbourville Water, Ice & Light Co.,* 252 Ky. 267, 66 S.W.2d 821 (1934); *Blea v. Sandoval,* 107 N.M. 554, 761 P.2d 432, 437 (1988); *School Board v. Kemmerer,* 158 Pa.Super. 332, 44 A.2d 854, 855 (1945); *Hiatt v. Congoleum Industries, Inc.,* 279 Or. 569, 569 P.2d 567, 569 (1977); *State ex rel. Everett v. Sanders,* 274 Or. 75, 544 P.2d 1043, 1045 (1976); *Bronn v. Soules,* 140 Or. 308, 13 P.2d 623 syl. 2 (1932); *Paul v. Pool,* 96 Nev. 130, 605 P.2d 635, 637 (1980); *Kooper v. King,* 195 Cal.App.2d 621, 629, 15 Cal.Rptr. 848, 852 (1961). *See also* Annot., *Successful defense by one codefendant, or a finding for "defendants," as inuring to benefit of defaulting defendant,* 78 A.L.R. 938 (1932).

**18.** *Rogers, supra* note 17, 525 S.W.2d at 667; *Blea, supra* note 17, 761 P.2d at 437; *Kemmerer, supra* note 17, 44 A.2d at 855; *Hiatt, supra* note 17, 569 P.2d at 569; *Everett, supra* note 17, 544

**130**

Martin's proof adduces defenses available not only to him as an individual, but also to the other respondents in the claim.

¶ 18 By striking all evidence adduced by Martin, COCA impermissibly denied him any status in the case, even that of a named *pro se* respondent. The mere fact that he tendered evidence in joint defense available to all the respondents did not *per se* constitute an impermissible appearance on behalf of the corporate respondents and cannot hence be stricken from the record. As an individual respondent, Martin could elicit proof that would inure to the benefit of not only himself, as an individual, but also of the corporate respondents as well. Because Martin was presumptively acting in behalf of *all* respondents in the case, the evidence he adduced must be considered as joint proof for all the parties respondent.

■ ¶ 19 Moreover, since proof adduced by Martin was treated by the trial tribunal and by the parties (for want of an objection) as evidence for all the respondents, an appellate court must presume that *all the parties* had intended the adduced proof to stand incorporated into the record tendered for review.[19]

### SUMMARY

¶ 20 Upon its earlier COCA default for want of a brief, an unsuccessful party before COCA is not barred from seeking certiorari.

¶ 21 A *perceived* challenge to Martin's appearance on behalf of the corporate respondents, which was not reasserted before the trial tribunal's review panel, cannot be considered to have been preserved for review either in the COCA or by this court.

¶ 22 The record affords no basis for COCA's *original* declaration that all the respondents in the claim were in default for want of authorized appearance in the trial

tribunal. One respondent can offer testimony to be effective as a joint defense. It would inure to the benefit of all respondents without offending the Workers' Compensation Court's rule against nonlawyer representation of corporate parties. COCA's original declaration holding in default several respondents who, with leave of the trial tribunal, had made an unchallenged appearance in the case below, deprives these parties of an opportunity to receive advance notice of their default and to have it cured. The procedure offends orderly process that stands prescribed by the rules of practice. Rule 10, Rules For District Courts of Oklahoma.[20]

¶ 23 On certiorari granted upon the respondents' petition, the Court of Civil Appeals' opinion is vacated and the claim remanded to that court for review, to be conducted *on the full record developed before the trial tribunal,* which is to determine if there is competent evidence to support the decision of the Workers' Compensation Court.

¶ 24 SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE and ALMA WILSON, JJ., concur.

KAUGER, C.J., and WATT, J., concur in result.

P.2d at 1045; *Bronn, supra* note 17, 13 P.2d at 623; *Paul, supra* note 17, 605 P.2d at 637; *Kooper, supra* note 17 at 629, 15 Cal.Rptr. 848; *Annot, supra* note 17.

**19.** Proof not formally admitted as evidence at trial, but treated by the trial court (or by the parties) as being in evidence, is to be regarded as

part of the record for appeal. *Merrill v. Oklahoma Tax Com'n,* 1992 OK 53, 831 P.2d 634, 639; *Reeves v. Agee,* 1989 OK 25, 769 P.2d 745, 756; *In re King's Estate,* 202 Okl. 334, 213 P.2d 844, 847 (1950).

**20.** For the text of *Rule 10,* Rules for District Courts of Oklahoma, see *supra* note 10.