2004 OK CIV APP 24

**RANCHWOOD AUTO LUBE and Comp–Source Oklahoma, Petitioners,**

v.

**James Robert WOESSNER and the Workers' Compensation Court, Respondents.**

**No. 99,718.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 6, 2004.

Jeffrey D. Black, Bonham & Howard, Oklahoma City, OK, for Petitioners.

Michael J. Harkey, Oklahoma City, OK, for Respondent.

Opinion by LARRY JOPLIN, Judge.

¶1 Petitioners Ranchwood Auto Lube and Compsource Oklahoma (collectively, Employer) seek review of an order of a three-judge panel of the Workers' Compensation Court, affirming the trial court's award of benefits for additional temporary total disability (TTD) to Respondent James Robert Woessner (Claimant). In this proceeding, Employer challenges the award of additional TTD as affected on a procedure not complying with 85 O.S. § 22(2)(b).

¶2 On or about March 7, 2002, Claimant allegedly suffered injury to his neck while performing the duties of his employment on Employer's premises. Claimant filed a Form

to commence the instant action on April 11, 2002, and subsequently sought benefits for TTD and medical treatment.

¶ 3 By order filed August 15, 2002 after a hearing, the trial court determined that Claimant suffered a compensable injury as alleged and awarded benefits:

–3.–

THAT as a result of said injury, [C]laimant has been [TTD] and is still [TTD] and in need of further medical treatment, care and attention, and is entitled to compensation for such disability. Compensation is due at the rate of $315.00 per week from April 25, 2002 to DATE, a period of 15 weeks and 4 days in the amount of $4,977.00 (lien wage earned by the [C]laimant at any time from March 7, 2002 and continuing). Compensation shall continue for and during [C]laimant's period of TTD, not to exceed 52 weeks.

By order nunc pro tunc filed September 10, 2002, the trial court vacated paragraph three of its August order and substituted a new paragraph three, which provided:

THAT as a result of said injury, [C]laimant has been [TTD] and is still [TTD] and in need of further medical treatment, care and attention, and is entitled to compensation for such disability. Compensation is due at the rate of $315.00 per week from April 25, 2002 to DATE, a period of 15 weeks and 4 days in the amount of $4,977.00 (less wages earned). Compensation shall continue for and during [C]laimant's period of TTD, not to exceed 52 weeks.

¶ 4 Employer paid Claimant weekly TTD for 52 weeks as ordered, then ceased payments. After an unscheduled and untranscribed conference with counsel for Claimant and Employer on May 19, 2003, the trial court entered an order, filed May 23, 2003, granting Claimant benefits for an additional 52 weeks of TTD:

The Court having considered the evidence and records on file, and being well and fully advised in the premises FINDS AND ORDERS AS FOLLOWS:

–1.–

THAT the [Employer] is directed to continue the payment of [TTD] benefits not to exceed 52 weeks from the date of filing of this order.

¶ 5 Employer appealed to a three-judge panel, alleging: (1) "the trial court erred in determining Claimant had a compensable injury," (2) "the trial court erred in awarding [TTD] benefits to continue for a period of time not to exceed 52 weeks," and (3) "the Court order is contrary to the evidence presented." On consideration of the record and argument, the three-judge panel affirmed by a 2–1 vote. Employer now seeks review in this Court.

¶ 6 In its first proposition, Employer asserts the trial court's initial order granting TTD for a period "not to exceed 52 weeks" clearly evinces a judicial determination that the claim is governed by 85 O.S. § 22(2)(b), which provides:

With respect to injuries occurring on or after November 4, 1994, in cases of temporary total disability, seventy percent (70%) of the employee's average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of fifty-two (52) weeks, except as otherwise provided in the Workers' Compensation Act. Provided, after compensation has been paid for a period of forty-two (42) weeks, the employee may request a review of the case by a judge of the Court for continued temporary total disability benefits provided by the Workers' Compensation Act. Upon a finding that benefits should be extended beyond the initial fifty-two-week period, compensation may be continued for additional *successive* fifty-two-week periods, provided the employee has requested review of the case at forty-two (42) weeks during each period involved, and upon a finding by the Court that benefits should be extended. Total payments of compensation for temporary total disability may not exceed a maximum of three hundred (300) weeks in the aggregate.

(Emphasis added.) So, says Employer, because Claimant did not request review and

extension of TTD "after compensation has been paid for a period of forty-two (42) weeks," but before expiration of "the initial fifty-two-week period," Claimant is not entitled to additional benefits for TTD.

¶ 7 Claimant responds, asserting that because his injury occurred after November 1, 1997, his right to TTD is governed by 85 O.S. § 22(2)(c), which provides:

With respect to injuries occurring on or after November 1, 1997, total payments of compensation for temporary total disability may not exceed a maximum of one hundred fifty-six (156) weeks in the aggregate except for good cause shown, as determined by the Court.

So, says Claimant, because § 22(2)(c) controls and allows him TTD of "a maximum of one hundred fifty-six (156) weeks in the aggregate," there is no requirement for a forty-two week application for review, nor could Employer terminate TTD pursuant to the review-and-extension provisions of § 22(2)(b).

¶ 8 Prior to November 4, 1994, § 22(2) imposed a 150–week limit on an award of benefits for TTD. However, that version of § 22(2) permitted an award of an additional 150 weeks of TTD on application to and review by the Workers' Compensation Court "after one-hundred forty (140) weeks." [1]

¶ 9 Effective November 4, 1994, the Legislature amended § 22(2). By the 1994 amendments, the Legislature designated the existing section as § 22(2)(a) to apply "with respect to injuries occurring before the effective date of the" amendment, and added § 22(2)(b) "[w]ith respect to injuries occurring on or after the effective date of the" amendment. New § 22(2)(b) limited benefits for TTD to one 52–week period, subject to extension for "additional successive fifty-two-week periods, provided the employee has requested review of the case at forty-two (42) weeks during each period involved, and upon a finding that benefits should be

extended," but not to "exceed a maximum of three hundred weeks in the aggregate."

¶ 10 Effective November 1, 1997, the Legislature again amended § 22(2). The Legislature made § 22(2)(a) applicable "with respect to injuries occurring before November 4, 1994," and made § 22(2)(b) applicable "with respect to injuries occurring on or after November 4, 1994." The Legislature also added § 22(2)(c), applicable "with respect to injuries occurring on or after November 1, 1997," and limiting aggregate TTD benefits to 156 weeks "except for good cause shown, as determined by the [Workers' Compensation] Court."

¶ 11 Section 22(2) has since remained substantially unchanged. The problem posed by the present case, however, is the absence in subsection (c) of the application/review/extension provisions of (a) and (b). We are nevertheless bound by the plain language of the statute, and must read its various provisions as a harmonious whole, giving effect to each. *See, e.g., TRW/Reda Pump v. Brewington,* 1992 OK 31, ¶ 5, 829 P.2d 15, 20; *Bryant v. Com'r of Dept. of Public Safety,* 1996 OK 134, ¶ 11, 937 P.2d 496, 500.

¶ 12 The plain language of § 22(2)(a), (b) and (c) clearly dictates that subsection (a) applies only to injuries occurring before November 4, 1994, and limits TTD benefits for injuries occurring before that date to an initial 150–week period and one extension of 150 weeks, but not exceeding 300 weeks in the aggregate. Subsection (b) applies to injuries occurring on or after November 4, 1994, and limits TTD benefits for injuries after that date to an initial 52–week period with four extensions of 52 weeks each, but not exceeding 300 weeks in the aggregate. Subsection (c) applies to injuries occurring on or after November 1, 1997, and limits TTD ben-

---

1. "In cases of [TTD], seventy percent (70%) of the employee's average weekly wages shall be paid to the employee during the continuation thereof, but not in excess of one hundred fifty weeks except as otherwise provided in the Workers' Compensation Act. Provided, after compensation [for TTD] has been paid for a period of one hundred forty weeks, the employee may request a review of the case by a judge of the [Workers' Compensation] Court for continued [TTD] benefits provided by the Workers' Compensation Act. Upon a finding that benefits should be extended beyond the initial one-hundred-fifty week period, compensation may be continued for an additional one hundred fifty (150) weeks."

efits for injuries after that date to 156 weeks in the aggregate.

¶ 13 When (a), (b) and (c) are read together, we cannot help but believe that (c) was only intended as a limit on aggregate TTD benefits for injuries occurring after the specified date. It would be an anomalous and inconsistent construction of § 22(2) to read (c) as free from the review procedures for the extension of benefits dictated by (a) and (b).

 ¶ 14 We therefore hold, for injuries occurring after November 4, 1994, subsection (b) permits an award of *one* initial 52–week term of TTD, with the potential for up to *four* additional 52–week terms of TTD, but not exceeding 300 total weeks of TTD. Reading (b) and (c) together, we further hold, for injuries occurring after November 1, 1997, § 22(2)(c) permits *one* initial 52–week term of TTD, with the potential for up to *two* additional 52–week terms of TTD, but not exceeding 156 total weeks of TTD.

¶ 15 Further, we do not believe the 42–week application provision is an absolute condition precedent to an award for additional periods of TTD. By its very nature, § 22(2) anticipates that an employee may suffer TTD for a period longer than 52 weeks before reaching maximum medical improvement, and allows an award of *"continued* [TTD benefits] for *additional successive* fifty-two-week *periods."* In this respect, we view the emphasized language as merely providing for uninterrupted TTD benefits. We read nothing in (a), (b) or (c) which *prohibits* the award of *non-successive* additional periods of TTD. The 42–week application provision is only necessary to maintain "continued" "additional successive" fifty-two-week "periods" of TTD. Here, the trial court's

order of May 23 began the second 52–week period of TTD after an interruption in TTD benefits. We find the lower court's order free of legal error as alleged in the first proposition.

¶ 16 In its second proposition, Employer complains Claimant adduced no medical evidence supporting his plea for additional TTD, and benefits should not have been granted absent the requisite medical evidence so demonstrating. *Bama Pie, Inc. v. Roberts,* 1977 OK 100, ¶¶ 12, 13, 565 P.2d 31, 34. Claimant responds, asserting in his brief that he "advised the Court that authorization for surgery was pending[,] that no physician had released [him] to return to work[,] [that] [Employer] presented no medical evidence nor offered any explanation for termination of [TTD] other than the authority of 85 O.S. Sec. 22(2)(b)," and Employer does not dispute these assertions.

¶ 17 We have no transcript of the May 19, 2003 proceedings in the record before us. Absent a transcript of the proceedings or other record demonstrating the error of which Employer complains, we presume the Workers' Compensation Court did not err. *Enochs v. Martin Properties, Inc.,* 1997 OK 132, ¶ 6, 954 P.2d 124, 127.

¶ 18 The order of the three-judge panel is therefore SUSTAINED.

HANSEN, J., and MITCHELL, P.J., concur.